947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph N. SAFFOLD, Petitioner-Appellant,
v.
Ben G. BOWERS, Supt., Respondent-Appellee.
 No. 89-3534.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, WELLFORD, Senior Circuit Judge, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Joseph N. Saffold appeals from the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Saffold entered a plea of guilty in March of 1984 to voluntary manslaughter. He was sentenced to seven to twenty-five years in prison. On April 28, 1987, Saffold petitioned for a writ of habeas corpus in district court, alleging he was denied effective assistance of counsel on the basis that: (1) counsel failed to investigate medical evidence showing that he was allegedly mentally ill and under the influence of prescription drugs at the time of the offense; (2) counsel misinformed him of the consequences of entering his plea; and (3) counsel failed to adequately investigate the charges against Saffold and all available defenses. Saffold also alleged that his plea was not entered voluntarily and intelligently and that Ohio's post-conviction statute is "not an effective remedy" for him because of the "waiver rule" and "strict application of the doctrine of res judicata."
 
 
 4
 On appeal, the following issues will be addressed: 1) whether Saffold was competent at the time he entered his guilty plea and therefore made a voluntary and intelligent choice to plead guilty at that time; and 2) whether he was given ineffective assistance of counsel based on the grounds set forth in his original petition. The remainder of the issues have been abandoned. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 5
 Upon review, we conclude that the district court did not err in denying the petition. The petitioner has not shown that the magistrate's findings, as adopted by the district court, were clearly erroneous in regard to evidence that Saffold was, indeed, competent at the time he entered his guilty plea and that the plea was entered voluntarily and intelligently. Anderson v. City of Bessemer City, 470 U.S. 546, 573-75 (1985); Brady v. United States, 397 U.S. 742, 749 (1970); United States v. Williams, 899 F.2d 1526, 1531 (6th Cir.1990); Mahoney v. United States, 831 F.2d 641, 645 (6th Cir.1987), cert. denied, 486 U.S. 1054 (1988).
 
 
 6
 Moreover, Saffold has not shown that his trial counsel's advice of pleading guilty was outside the range of competence demanded of attorneys in criminal cases or that, but for his counsel's alleged errors, Saffold would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). We find no reversible error in the thorough analysis of this case by the magistrate judge and in the opinion of the district court.
 
 
 7
 Accordingly, the petitioner's motion for appointment of counsel is denied, and the district court's order denying the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation