976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James V. LOMBARDO, Jr., Petitioner-Appellant,
v.
Phillip PARKER, Respondent-Appellee.
 No. 92-3212.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 James V. Lombardo, Jr., pro se, appeals the district court's denial of his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. The district court granted a certificate of probable cause on February 27, 1992. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Fed.R.App.P. 34(a). The respondent has declined to file a brief.
 
 
 2
 In 1988, Lombardo was indicted for the offenses of felonious assault of his son, attempted murder of his son and the murder of his wife. Each of the counts had a firearm specification. After Lombardo agreed to plead guilty to the felonious assault charge, and after the prosecution agreed that Lombardo did not purposely cause the death of his wife under the facts and circumstances, the murder count was amended to a count of involuntary manslaughter and the attempted murder count was dismissed. Thereafter, Lombardo entered a plea of guilty to felonious assault and involuntary manslaughter with a firearm specification on each count. He was sentenced to one three-year term of actual incarceration on both specifications, to be served consecutively with a 3-15 year prison sentence for felonious assault and a 5-25 year sentence for the involuntary manslaughter conviction.
 
 
 3
 In support of his petition for habeas relief, Lombardo alleges the following five grounds: 1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; 2) he was denied effective assistance of counsel by counsel's failure to investigate the defense, by his prejudicial statements, by not informing him of discovery or discussing important decisions with him, by not informing him of the elements of the offense to which he pled guilty, and by telling him that he had "no appeal rights;" 3) his guilty plea was not made voluntarily with an understanding of the nature of the charge; 4) his plea was accepted against the manifest weight of the evidence; and 5) the trial court erred in failing to advise him of his constitutional right to confront witnesses, which right he alleges was never waived.
 
 
 4
 First, the district court properly concluded that all state law remedies had been exhausted in this case, as required under § 2254(c). See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990). Further, the last determinative state court decision in this case does not include a clear and express statement that the ruling was based on procedural grounds. Therefore, there is no bar preventing the district court and this court from considering the merits of Lombardo's claims. See Harris v. Reed, 489 U.S. 255 (1989); McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir.1991).
 
 
 5
 Under the limitations imposed by the supervisory rule upheld in Thomas v. Arn, 474 U.S. 140 (1985), and United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981), the issues that may be considered on appeal are: 1) whether Lombardo's guilty plea was rendered intelligently and voluntarily; 2) whether he was improperly denied an evidentiary hearing at the district court level under the guidelines set forth in Townsend v. Sain, 372 U.S. 293 (1963); and 3) whether the district court properly construed Lombardo's petition under the liberal standards announced in Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam), and Haines v. Kerner, 404 U.S. 519 (1972).
 
 
 6
 From the record, it appears that Lombardo's guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him, viewed under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988). The elements of the charge of felonious assault were described in his original indictment, which charge was not amended subsequent to the plea bargaining arrangement. Secondly, Lombardo declared in open court that his attorneys had discussed with him the nature of the charges and the possible penalties involved and had offered opinions and recommendations to him surrounding his plea arrangement. This solemn declaration of guilt by the defendant carries a presumption of truthfulness, and subsequent presentations and conclusory allegations unsupported by specifics are subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, Lombardo has not shown that there is a reasonable probability that he would not have pleaded guilty, but for his counsel's alleged errors, and would have insisted on going to trial on the charges (felonious assault, murder and attempted murder) listed in the original indictment. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 7
 The district court properly denied an evidentiary hearing in this case. Lombardo pled guilty, waiving his right to a trial after having been advised of his rights. The circumstances in this case are not such as to require a federal court to grant an evidentiary hearing. See 28 U.S.C. § 2254(d); Townsend, 372 U.S. at 313; McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 8
 The record does not suggest that the district court overlooked any argument because of this pro se plaintiff's lack of skill in legal writing or because of any technical omission in his pleadings. The magistrate's report and recommendation, which were approved and adopted by the district judge, fully explored every aspect of Lombardo's claims.
 
 
 9
 The district court's order denying Lombardo's petition for a writ of habeas corpus is hereby affirmed, and Lombardo's request for counsel is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.