RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0276P (6th Cir.)
File Name: 01a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

 *v.*

 No. 00-5389

JESSE CAMPBELL,
 *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 99-00024—Charles R. Simpson III,
Chief District Judge.

Submitted: May 4, 2001

Decided and Filed: August 22, 2001

Before: SILER and GILMAN, Circuit Judges; DUGGAN,
District Judge.*

———————————

## COUNSEL

**ON BRIEF:** Jennifer J. Hall, Louisville, Kentucky, for
Appellant. James A. Earhart, Terry M. Cushing,

———————————

*The Honorable Patrick J. Duggan, United States District Judge for
the Eastern District of Michigan sitting by designation.

1

ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

————————————

## OPINION

————————————

PATRICK J. DUGGAN, District Judge.   Defendant-Appellant Jesse Campbell ("Campbell") was indicted and charged with one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of attempting to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  The indictment followed a warrantless search of Campbell's residence by narcotics officers following a "controlled delivery" of a package determined to contain 1,047 grams of methamphetamine. The district court denied Campbell's motion to suppress evidence obtained during the search.   Campbell then entered a conditional plea of guilty, reserving his right to appeal the district court's order denying his motion to suppress. Campbell now brings this direct appeal.   For the reasons set forth below, the district court's order denying Campbell's motion to suppress evidence shall be **AFFIRMED**.

### Background

On January 20, 1999, officers with the Louisville Jefferson County Metro Narcotics Unit examining packages at a Federal Express office in Louisville, Kentucky were alerted by a trained narcotics dog to the presence of narcotics in a package addressed as follows: "C.O. Mr. Bull, attn:  rear of bldg., 3106 Dixie Hwy., Louisville, KY 40216."  Based upon the alert of the narcotics dog, and other indicia of potential drug trafficking, Detective Eddie Napier ("Napier") obtained and executed a search warrant upon the package.   The package was found to contain approximately 1,047 grams of methamphetamine.

could have entered the building under the search warrant they had obtained in order to prevent the destruction of evidence. However, the package was unexpectedly moved to another location where it was opened before the officers could obtain a search warrant.  The officers in this case played absolutely no role in Campbell's relocation of the package, the presence of the marked police car in front of Campbell's residence when he arrived there with the package, or the practical impossibility of obtaining a search warrant for Campbell's residence prior to the controlled delivery.

Accordingly, we conclude that the police officers did not "create" the exigent circumstances in this case.

### Conclusion

For the reasons stated above, we **AFFIRM** the district court's denial of Campbell's motion to suppress evidence.

However, the case at bar can easily be distinguished from *Duchi, Johnson*[2] and *Templeman*. In all of those cases, in which the police executed a controlled delivery of a package at a dwelling, the police had the opportunity to obtain a search warrant prior to executing the controlled delivery at that dwelling, but chose not to do so. In fact, the *Duchi* court emphasized this very distinction.[3] *See Duchi,* 906 F.2d at 1283. In this case, although the officers properly obtained a search warrant for the address to which the package was addressed, Campbell unexpectedly relocated the package to another dwelling and opened the package before the officers had any realistic opportunity to obtain a search warrant. Accordingly, this case is not analogous to the cases Campbell relied upon.

Here, the exigent circumstances justifying the warrantless entry to prevent the imminent destruction of evidence included the unexpected relocation of the package and the presence of the marked police vehicle outside Campbell's residence. The police officers in this case did not "create" the various factors that converged to create the exigent circumstances. Moreover, it is irrelevant that it may have been foreseeable that the alteration of the contents of the package could alert the recipient of the investigation when the package was opened.[4] If the package had been opened inside the dwelling where the package was addressed, the officers

---

[2] *United States v. Johnson*, 12 F.3d 760 (8th Cir. 1993).

[3] This distinction is particularly compelling, as this Court has also found exigent circumstances not to exist in situations where the officers could have obtained a search warrant for the premises before a controlled delivery, but chose not to. *See United States v. Ogbuh*, 982 F.2d 1000 (6th Cir. 1993).

[4] There is, after all, an important public policy justification for the removal of the drugs from the package. By doing so, law enforcement officers ensure that the full amount of drugs will never enter the stream of commerce should any problems arise with the controlled delivery. *See United States v. Ukomadu*, 236 F.3d 333, 341 (6th Cir. 2001).

After discovering the drugs, the officers decided to make a "controlled delivery" of the package. The officers removed the bulk of the methamphetamine from the package, leaving approximately 35 grams. The portion of the methamphetamine that had been removed was replaced with another substance. The package was then reassembled, but was equipped with an electronic transmitting device that would activate upon the opening of the package.

The officers obtained an anticipatory search warrant for the Dixie Highway address listed on the package. The Dixie Highway address consists of a residence in the front and a building in the rear, identified as B&B Printing.

The reassembled package was then delivered by an undercover police officer to an individual at B&B Printing. The officers continued surveillance of the building. After a few hours, a man, later identified as Campbell, arrived at B&B Printing and entered the building. However, instead of opening the package inside the building, Campbell returned to his truck carrying the unopened package. After Campbell placed the package in his truck, he and an unidentified passenger drove away from the Dixie Highway address. The officers followed Campbell's truck to a residence at 7505 St. Andrews Church Road, later determined to be Campbell's residence, where Campbell pulled the truck into the garage.

Unrelated to the investigation surrounding the package, a marked police car was stopped in front of Campbell's residence issuing a traffic ticket. Campbell and his passenger got out of the truck and stood outside the garage for a few minutes, watching the activity in the area. Detective Napier testified that the two men were "looking around in different directions," and "appeared to be nervous" due to the presence of the marked police car. Another vehicle then arrived at the residence, and the man with Campbell got into that vehicle and left. Campbell then went inside the garage and closed the garage door. Two to three minutes later the transmitting device that had been placed in the package activated, indicating that the package had been opened.

Although they did not have a search warrant for the St. Andrews Church Road residence, Sergeant Hatcher ordered the officers to enter the residence and the attached garage as soon as the transmitting device activated. Campbell, the only person on the premises, was found in the garage, together with the opened package. Napier then read Campbell his *Miranda* rights and discussed signing a consent-to-search form, which Campbell signed. The officers seized numerous items, including the package and its contents, additional quantities of methamphetamine, and Federal Express boxes and labels.

Campbell filed a motion to suppress evidence seized from his home, on the grounds that no exigent circumstances existed to justify the warrantless search. Campbell's motion to suppress was referred to a magistrate judge. After an evidentiary hearing, the magistrate judge issued a Report and Recommendation ("R&R") finding that exigent circumstances justified the warrantless entry of Campbell's home, and therefore recommended that the district court deny Campbell's motion to suppress. After reviewing Campbell's objections to the R&R, the district court denied Campbell's motion to suppress. Campbell then entered a conditional plea of guilty, reserving his right to appeal the district court's order denying his motion to suppress. Campbell was sentenced to a term of imprisonment of 96 months.

*Standard of Review*

A finding of exigency is held to a "mixed" standard of review. *United States v. Straughter*, 950 F.2d 1223, 1230 (6th Cir. 1991). A district court's findings of fact shall be overruled only if they are clearly erroneous. However, a district court's conclusion that a given set of facts constitutes exigent circumstances shall be reviewed *de novo*. *Id.*

**Discussion**

Campbell contends that the district court erred in denying his motion to suppress evidence, and advances three theories to support his position: 1) he was not a "third party," 2) the

### III. *Government Created Exigency*

Campbell contends that by altering the package prior to the controlled delivery, the police officers in this case "created" the exigent circumstances upon which they relied to justify their warrantless entry into Campbell's residence.

It is well established that police officers are not free to create exigent circumstances to justify their warrantless searches. *United States v. Morgan*, 743 F.2d 1158, 1163 (6th Cir. 1984). This Court has struck down warrantless entries by the police in situations where deliberate conduct on the part of police officers has created the claimed exigent circumstances. *See United States v. Buchanan*, 904 F.2d 349 (6th Cir. 1990). However, this Circuit has not addressed the narrow issue of whether police officers making a controlled delivery are deemed to have "created" the danger of imminent destruction of evidence by altering the contents of the package, and thus are prohibited from a warrantless entry in situations where they lack a sufficient opportunity to obtain a warrant.

Campbell urges this Court to consider the reasoning from several Eighth Circuit cases where the court found that exigent circumstances did not exist because the police created the danger of the destruction of evidence. Indeed, in *United States v. Duchi,* 906 F.2d 1278 (8th Cir. 1990), *United States v. Johnson*, 12 F.3d 760 (8th Cir. 1993), and *United States v. Templeman*, 938 F.2d 122 (8th Cir. 1991), the Eighth Circuit concluded that exigent circumstances did not exist because the police had created or greatly increased the danger that evidence would be destroyed. *But see United States v. Johnson*, 904 F.2d 443, 447 (8th Cir. 1990) (finding warrantless entry justified in a controlled delivery of an altered package where obtaining a search warrant "would very likely have been impossible.")

must be a third party present before exigent circumstances exist must fail.

## II. *Exigent Circumstances*

"The law is well settled that a warrantless entry will be upheld when the circumstances then extant were such as to lead a person of reasonable caution to conclude that such evidence would probably be destroyed within the time necessary to obtain a search warrant." *United States v. Radka*, 904 F.2d 357, 362 (6th Cir. 1990)(citing *Roaden v. Kentucky*, 413 U.S. 496, 505, 93 S. Ct. 2796, 2801-02, 37 L. Ed. 2d 757 (1973)). As discussed supra, in order to find that exigent circumstances existed to justify the warrantless entry in this case, we must find that the police officers had a reasonable basis for believing that there was someone in the residence who would likely destroy evidence.

In this case, the officers observed Campbell pick up the package from the Dixie Highway address and unexpectedly relocate the package to another address. The police knew Campbell was inside the garage at the residence when the transmitter activated, indicating that the package had been opened. It was objectively reasonable for the officers to believe that Campbell, whose suspicions were already heightened due to the presence of the marked police car in front of his house, would immediately examine the contents of the package and discover either the presence of the transmitting device or that the bulk of the methamphetamine had been removed and replaced by another substance. Yet, the officers had no realistic opportunity to obtain a search warrant for Campbell's residence, as Campbell opened the package within minutes of his arrival. Under these circumstances, it was objectively reasonable for the police to believe that evidence inside the dwelling would probably be destroyed by Campbell within the time necessary to obtain a search warrant.

facts of this case do not constitute exigent circumstances, and 3) the government created any exigent circumstances that existed.

## I. *"Third Party" Requirement*

In the R&R, the magistrate judge stated: "Our Circuit recently discussed the test used to determine when the possible destruction of evidence will satisfy the exigent circumstances requirement." Quoting from *United States v. Gaitan-Acevedo*, 148 F.3d 577, 585 (6th Cir. 1998), the magistrate judge stated:

This Circuit has adopted a two-pronged test to determine when the possibility of the destruction of evidence might constitute exigent circumstances sufficient to justify a warrantless entry into a home. "Warrantless entry to prevent the destruction of evidence 'is justified if the government demonstrates: (1) a reasonable belief that third parties are inside the dwelling; and (2) a reasonable belief that the loss or destruction of evidence is imminent.'" *United States v. Straughter*, 950 F.2d 1223, 1230 (6th Cir. 1991); see also *United States v. Rohrig*, 98 F.3d 1506, 1515 (6th Cir. 1996) (warrantless entry "to prevent a suspect's escape" is also permissible if supported by probable cause).

The magistrate judge then stated:

Here, no question exists concerning the presence of third parties inside Campbell's home. The police knew to an absolute certainty that Campbell was inside the home. Where Campbell was and what he may have been doing, however, were not known to the police. Accordingly, the critical question is whether the activation of the transmitter hidden in the package, created a reasonable belief in the minds of the officers that the loss or destruction of the methamphetamine was imminent.

In his brief on appeal, Campbell argues, for the first time, that the magistrate judge's conclusion with respect to the "third party" issue was wrong.[1]  Campbell asserts that the magistrate judge's "conclusion completely misunderstands and misstates the case law.  Mr. Campbell was not a third party, he was the suspect, the only suspect."  However, Campbell did not include this as an objection when he filed his objections to the magistrate judge's R&R.  The R&R contained the following notice:

> Within ten (10) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd.*, 474 U.S. 140 (1985).  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

"In order to preserve an issue for appeal, a defendant is required to file objections with the district court to the findings of the magistrate judge."  *United States v. Hunter*, 2001 WL 128297 at *4 (6th Cir. 2001) (citing *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981)).  Because Campbell failed to file any objections regarding this "third party" issue, the issue has been waived.  (*Id.*).

Even if Campbell had not waived this issue, his claim that the evidence must be suppressed because he was not a "third party" is without merit.  Campbell argues that under *United States v. Gaitan-Acevedo,* 148 F.3d at 585*,* and *United States v. Straughter*, 950 F.2d at 1230, "exigent circumstances *only* exist when the government demonstrates . . . a reasonable belief that third parties are inside the dwelling." (Def.'s Br. at 13)(emphasis added).  In deciding whether exigent circumstances existed, the courts in *Gaitan-Acevedo* and *Straughter* applied a two-prong test that originated in *United*

---

[1]It is unclear to this Court whether the magistrate judge was expressing a view that it was obvious that there was no third party involved, or that he was considering Campbell to be akin to a "third party."

*States v. Sangineto-Miranda*, 859 F.2d 1501 (6th Cir. 1988). In *Sangineto-Miranda,* the Sixth Circuit, relying on *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L. Ed.2d 409 (1970), stated:

> We believe, consistent with *Vale*, that a police officer *can* show an objectively reasonable belief that contraband is being, or will be, destroyed within a residence if he can demonstrate: (1) a reasonable belief that third parties are inside the dwelling; and (2) a reasonable belief that these third parties may soon become aware that the police are on their trail, so that the destruction of evidence would be in order.

*Id*. at 1512. (emphasis added).  However, *Gaitan-Acevedo, Straughter* and *Sangineto-Miranda* all involved factual situations where a suspect was arrested outside of a dwelling, but third parties were present inside the dwelling whom the police believed would destroy evidence.

Application of the two-prong *Sangineto-Miranda* test, requiring the presence of "third parties," is appropriate in situations where a suspect is arrested outside of a dwelling, but third parties whom the police believe will destroy evidence are inside the dwelling.  In those limited factual situations, the exigent circumstance of imminent destruction of evidence could not exist if there was no "third party" present in the dwelling, because the suspect was already in police custody outside the dwelling.

None of the cases cited above can be read as requiring the presence of a "third party" in cases where it is the suspect himself who is inside the dwelling and is also the individual the police believe may destroy evidence inside the dwelling.  Rather, the more general test for whether or not exigent circumstances exist is as we stated in *Sangineto-Miranda*, relying on *Vale*: "Before exigent circumstances are present . . . the police must have a reasonable basis for believing there is someone in the house who would likely destroy evidence." *Id.* at 1512.  Accordingly, Campbell's argument that there