**Bill VOCK, Petitioner–Appellant,**

v.

**Kurt JONES, Warden, Respondent–Appellee.**

**No. 01–2603.**

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

### ORDER

Bill Vock appeals pro se from a district court order that denied his motion for relief from judgment under Fed.R.Civ.P. 60(b). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, Vock pleaded guilty to second-degree criminal sexual conduct and to being an habitual offender, violations of Mich. Comp. Laws §§ 750.520c(1)(a) and 769.10. He was sentenced to 12 to 22½ years in prison, and that sentence was ultimately affirmed on direct appeal.

In 2000, Vock filed a habeas corpus petition under 28 U.S.C. § 2254. A magistrate judge recommended that the case be dismissed on the merits. Vock did not file timely objections to this recommendation. Thus, the district court dismissed his habeas corpus petition on September 14, 2001. Vock did not file a timely appeal from that judgment, and it is not directly at issue here.

Instead, Vock filed a belated motion for reconsideration alleging that the record had not been sufficiently developed and that he should have been allowed additional time in which to object to the magistrate judge's report. Our court has already construed this document as a timely motion for relief from judgment under Fed. R.Civ.P. 60(b). The district court denied Vock's motion on October 29, 2001, and it is from this judgment that he now appeals.

We review the denial of a Rule 60(b) motion for an abuse of discretion, and the appeal of a Rule 60(b) order does not bring the underlying judgment up for review. *United States v. Grable,* 25 F.3d 298, 301–02 (6th Cir.1994). Moreover, appellate review is limited to Vock's claim that he was denied the effective assistance of counsel, as that is the only claim that was certified for appeal under 28 U.S.C. § 2253(c).

Vock's brief does not contain any clear challenge to the district court's finding that he had not filed timely objections to the magistrate judge's report. Thus, he has abandoned that issue for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001). Vock forfeited appellate review by failing to file timely objections to the report. *See United States v. Campbell,* 261 F.3d 628, 631–32 (6th Cir.2001). Nevertheless, we note that his ineffective assistance of counsel claim is otherwise unavailing.

The state court of appeals reasoned as follows in rejecting that claim:

Defendant argues defense counsel had a conflict of interest with his effective representation of defendant because, due to his failure to prepare for trial, he faced contempt charges from the trial court. Defendant also contends defense

912

counsel's statement that defendant had admitted guilt to him violated the attorney-client privilege and constituted ineffective assistance. It is clear from the record that in spite of counsel's situation and statement, defendant's plea was made knowingly and understandingly. Accordingly, defendant's claim fails.

The magistrate judge properly found that this claim was meritless because the state court's analysis was not based on an unreasonable determination of the facts or an unreasonable application of controlling Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Machacek v. Hofbauer,* 213 F.3d 947, 953 (6th Cir.2000). Vock continues to argue the merits of his claims, but he has not shown that dismissal was inappropriate under the deferential standard that is set forth in § 2254(d). Vock also argues that he was entitled to an evidentiary hearing. However, the record was adequately developed by the trial court before it accepted his guilty plea. The court clearly indicated that it was prepared to set a new date for trial and Vock indicated that his plea had not been coerced.

Accordingly, the district court's order denying Vock's motion for relief from judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.