**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0191n.06
Filed: December 21, 2004

**No. 04-5256**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| GLENN MATHIS, | ) | District of Tennessee |
| | ) | |
| *Defendant-Appellant.* | ) | |

**Before:     BOGGS, Chief Judge; CLAY, Circuit Judge; and WALTER, District Judge.**[*]

**BOGGS, Chief Judge.**  Defendant Glenn Mathis appeals from his conviction for conspiracy to distribute methamphetamine, possession of methamphetamine with the intent to distribute, and possession of marijuana.  Because Mathis waived his right to appeal the district court's denial of his motion to suppress evidence and there is ample evidence to support his conviction, we affirm.

**I**

In July 2001, Brad Depew, a narcotics detective in the Hawkins County Sheriff's Department, received an anonymous tip that a package containing drugs would be arriving by

---

[*]The Honorable Donald E. Walter,  United States District Judge for the Western District of Louisiana, sitting by designation.

Federal Express at 275 Creek Road in Church Hill, Tennessee. Detective Depew requested that Federal Express employees notify him should they receive a package addressed to that location. On July 16, 2001, a package addressed to "Glenn" at 275 Creek Road was intercepted by Federal Express employees, who contacted Detective Depew. During a package lineup at a Federal Express facility, a drug-sniffing dog identified the package in question. Detective Depew then obtained a search warrant to open the package, which contained over 200 grams of methamphetamine.

After the package was resealed, a law enforcement agent disguised as a Federal Express employee delivered the package to 275 Creek Road. Mathis answered the door. He told the undercover agent that though he was named Glenn, he was not expecting a package. Even so, Mathis eventually signed for the package, at which point he was immediately arrested. After the arrest, Mathis consented to a search of his residence. Mathis admitted that he was a methamphetamine user and told the officers that they would find some of the drug in his desk. The officers discovered approximately five grams of the drug where Mathis told them it would be. The search also uncovered a digital scale; several small plastic baggies; a jar of "Vitablend," which is often used to dilute or "cut" narcotics; and a partial recipe to produce methamphetamine. The officers also uncovered two bags containing marijuana.

Mathis was indicted on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; one count of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of marijuana, in violation of 21 U.S.C. § 844. Mathis then filed a motion to suppress the evidence seized on July 16, 2001. On June 25, 2003, a magistrate judge issued a report and recommendation to deny the motion to suppress,

to which Mathis never filed any objections. On July 15, 2003, the district judge adopted the report and recommendation.

That same month, Mathis was convicted by a jury on all counts. At the close of the government's evidence, and then again at the close of defendant's evidence, Mathis moved for a judgment of acquittal based on the government's alleged failure to provide sufficient evidence that he was guilty of conspiracy to distribute and possession with intent to distribute methamphetamine. The district court denied both motions.

Mathis timely appealed. Before this court, he argues that the district court erred in denying both his motion to suppress evidence and his motion for judgment of acquittal.

**II**

Mathis argues that the district court erred in denying his motion to suppress evidence because the search warrant issued for the Federal Express package was not based on an affidavit sufficiently detailed to justify finding probable cause. A party, however, waives his right to appeal when he fails to object to a magistrate judge's report and recommendation, so long as the magistrate judge's report provides notice of the consequences of failure to object. *See United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001) (citing *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) (establishing the rule)); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming constitutionality of Sixth Circuit rule). In this case, the magistrate judge found that probable cause existed for issuing the search warrant. He therefore filed a report and recommendation recommending that Mathis's motion be denied. That report and recommendation included a

footnote stating, "Any objection to this [r]eport and [r]ecommendation must be filed within ten (10) days of its service or futher appeal will be waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); 28 U.S.C. Section 636(b)(1)(B) and (C)." J.A. 38. Mathis never filed any objections to that report and recommendation, which the district court subsequently adopted in denying Mathis's motion to suppress evidence.

Any objection to that denial is therefore waived before this court. Though this court does not enforce the waiver rule if doing so would result in an error so egregious that it would be a miscarriage of justice, *see United States v. 1184 Drycreek Rd.*, 174 F.3d 720, 725-26 (6th Cir. 1999), defendant does not argue that this exception applies to this case nor does our review of the record and applicable law in any way suggest that it does. Therefore, we affirm the district court's denial of Mathis's motion to suppress because Mathis waived his right to appeal.

### III

Mathis also argues that there was insufficient evidence to allow a reasonable juror to find him guilty of possession with intent to distribute and conspiracy to distribute methamphetamine. This court reviews a defendant's insufficiency of evidence claim by considering "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We are required to "refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Price*, 258 F.3d 539, 544 (6th Cir. 2001). On these facts, we cannot deny that some rational trier of fact could have found Mathis guilty beyond

a reasonable doubt of possession with intent to distribute and conspiracy to distribute methamphetamine.

The elements of the crime of possession with intent to distribute are (1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995). The government presented more than enough evidence to meet its evidentiary burden. Mathis directed the police to over five grams of methamphetamine in his house. He accepted delivery of over 200 grams of the substance, which had an estimated value of $12,000. Though Mathis originally refused to accept the package, the package was addressed to a "Glenn," defendant's first name, at his home address. A juror would be entirely reasonable in inferring that Mathis knowingly possessed methamphetamine.

There was also ample evidence that Mathis intended to distribute the drug. The jury heard testimony that possession of over 200 grams of methamphetamine is inconsistent with personal use. Moreover, the evidence found in his house more than suffices to establish that Mathis intended to distribute the drug. The presence of drug scales, small plastic baggies, a partial recipe for producing the drug, and a substance for diluting the drug all suggest Mathis intended to distribute methamphetamine. Mathis's explanation that he possessed these items only for his personal use is irrelevant to our inquiry. Some rational trier of fact could certainly have found defendant guilty of possession with intent to distribute methamphetamine on these facts. *See Jackson v. Virginia*, 443 U.S. at 319.

The essential elements of a drug conspiracy are (1) an agreement to violate the drug laws, and (2) each conspirator's knowledge of, intent to join, and participation in the conspiracy. *United*

*States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "A conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *Price*, 258 F.3d at 544 (*quoting United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991)). Mathis accepted a Federal Express package addressed to him that contained over 200 grams of methamphetamine. That package was sent from San Jose, California, where Mathis lived approximately nine months earlier. Once Federal Express updated its tracking system to show that the package had been delivered, Mathis received several phone calls from San Jose. Given that Mathis possessed items used to distribute drugs, both the package's origin and the phone calls he received suggest that Mathis was participating in a common plan with people in San Jose to distribute the methamphetamine in the package. Again, Mathis's explanation that the people calling him were interested in cars he was selling in San Jose is irrelevant. So is his claim that he does not know Arturo Sanchez, the sender of the Federal Express package. The jurors were free not to believe him. Moreover, even if Mathis does not know Sanchez, "once the conspiracy itself has been proven to exist, it is not necessary to show that a defendant knew every member of the conspiracy." *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir. 1998). Based on these facts, the jury had sufficient evidence upon which a rational juror could conclude beyond a reasonable doubt that Mathis participated in a conspiracy to distribute methamphetamine.

Therefore, the district court acted correctly in denying Mathis's motions for judgment of acquittal, because there was sufficient evidence to convict Mathis of possession with intent to distribute and conspiracy to distribute methamphetamine. For these reasons, we AFFIRM the judgment of the district court.