**Antonio K. JAMES, Petitioner–Appellant,**

v.

**Pat HURLEY, Warden, Respondent–Appellee.**

No. 03–3108.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Antonio K. James, Ross Correctional Institute, Chillicothe, OH, pro se.

Thelma T. Price, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before: KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

*ORDER*

Antonio K. James, a pro se Ohio prisoner, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, James was convicted of aggravated robbery with a specification, felonious assault with a specification, aggravated burglary with a specification, and possession of a weapon while under a disability. He was sentenced to twenty-four years of imprisonment. After proceeding through the state courts of Ohio, James filed a petition for a writ of habeas corpus with the district court pursuant to 28 U.S.C. § 2254.

The case was referred to a magistrate judge who recommended that the petition be dismissed. James did not file objections to the magistrate judge's report. As no objections were filed, the district court adopted the magistrate judge's report and dismissed the case.

James then filed his Rule 60(b) motion seeking relief from judgment. The district court denied the motion and denied James a certificate of appealability as to all issues raised in his habeas corpus petition except one. The district court granted James a certificate of appealability on the following question: "Was petitioner denied due process or equal protection of the law because he was unable to obtain a copy, at state expense, of a transcript of opening and closing argument for purposes of appeal?"

This court denied James a certificate of appealability as to all issues not certified by the district court.

On appeal, James raises the arguments which he presented in his habeas corpus petition.

Initially, it is noted that the only issue before the court concerns the transcript argument for which the district court granted a certificate of appealability. 28 U.S.C. § 2253(c). As a certificate of appealability was not issued as to any other argument presented by James in his habeas corpus petition, James's remaining arguments are not before the court. *Id.*

An order denying Rule 60(b) relief is reviewed for an abuse of discretion. *See Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. *See Amernational Indus. Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

James has waived appellate review of his transcript argument. The case was referred to a magistrate judge who recommended dismissing the habeas corpus petition. James was notified, pursuant to *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), that his failure to file specific objections to the magistrate judge's report would constitute a waiver of his claims on appeal. James failed to file specific objections to the magistrate judge's report. Thus, James has waived appellate review of his transcript argument. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991). Therefore, the district court did not abuse its discretion in denying James's Rule 60(b) motion.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.