**Jeffrey Lamont INGRAM,
Plaintiff–Appellant,**

v.

**Unknown HARRY, et al., Defendants–
Appellees.**

**No. 03–1943.**

United States Court of Appeals,
Sixth Circuit.

March 19, 2004.

Jeffrey Lamont Ingram, St. Louis, MO, pro se.

A. Peter Govorchin, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

Jeffrey Lamont Ingram, a former Michigan prisoner, appeals the district court order granting summary judgment to the defendants in this case brought under 42 U.S.C. § 1983. This case has been re-

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

ferred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Ingram sued Assistant Deputy Warden Harry, Classification Director Starr, Litigation Coordinator Ross, School Principal Kunze, and School Psychologist O'Brien. Ingram alleged that the defendants violated his rights under the Fourteenth and Eighth Amendments when they placed him in disciplinary status without holding a hearing. According to Ingram, he was confined to his cell for extensive periods and suffered swelling in one leg due to lack of movement. The defendants moved to dismiss or for summary judgment. Ingram moved for summary judgment, to strike the defendants' motion, and for discovery. The magistrate judge recommended granting summary judgment to the defendants and denying Ingram's motions. The district court adopted the magistrate judge's recommendation over Ingram's objections and dismissed the case. The court held that Ingram did not have a due process claim because he did not have a liberty interest in his classification status. The district court did not address Ingram's Eighth Amendment claim because Ingram did not raise it in his objections to the magistrate judge's report and recommendation.

On appeal, Ingram reasserts the claims from his complaint and argues that the district court should not have granted summary judgment to the defendants before ruling on his discovery request.

■ Initially, we conclude that Ingram has waived his Eighth Amendment claim. Ingram filed objections to the magistrate judge's report and recommendation but did not object to the recommended disposition of his Eighth Amendment claim. Accordingly, he has waived appellate review of that claim. *See Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991).

We review an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is-entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Upon review, we affirm the district court's decision for the reasons stated by the district court. Ingram was transferred to the Brooks Correctional Facility in December 2000. Starr informed Ingram that, because he did not have verification that he had graduated from high school, Michigan Department of Corrections policy mandated that he take a test to determine which classes he should take in prison. Starr warned Ingram that if he did not participate in the education program he would be classified as "unemployable" and confined to his cell from 8:00 a.m. to 5:00 p.m., Monday through Friday. Prison policy prohibits prisoners who are unemployable from getting more leisure time than those who work. Ingram refused to cooperate and was restricted to his cell.

The defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Ingram's confinement to his cell while other inmates worked did not constitute an atypical or significant hardship. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir.1997). Moreover, he had no constitutional right to be held in a specific security classification. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451

(1976). Accordingly, the district court properly granted summary judgment to the defendants.

Ingram's argument that the district court should not have granted the defendants summary judgment before ruling on his discovery request is without merit. His nebulous assertions that more discovery time would have produced evidence to defeat summary judgment is unavailing. *See Gordon v. Barnes Pumps, Inc.,* 999 F.2d 133, 138 (6th Cir.1993).

■ Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Ingram's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.