**Larry David ABNER, Plaintiff–Appellant,**

v.

**GENERAL MOTORS; Ohio Industrial Commission; International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL–CIO, Local 798; Crew Buchanan & Lowe; Attorney General of Ohio; Ohio Bureau of Workers Compensation, Defendants–Appellees.**

No. 03–3254.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Larry Davis Abner, Springfield, OH, pro se.

Kay R. Butler, Hardy, Lewis & Page, Birmingham, MI, Peter M. Fox, Kircher, Robinson & Welch, George D. Jonson, Montgomery, Rennie & Jonson, Cincinnati, OH, Alexia F. McCaskill, Washington, DC, Jim Petro, Attorney General, Office of the Attorney General, Columbus, OH, for Defendants–Appellees.

Before BOGGS, Chief Judge; MOORE, Circuit Judge; and QUIST, District

Judge.*

## ORDER

Larry David Abner, an Ohio citizen, appeals pro se a district court order dismissing his claims of employment discrimination and other causes of action against his former employer. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Abner filed a complaint in February 2002 against General Motors, the Ohio Industrial Commission, his former international and local unions, a law firm, the Attorney General of Ohio, and the Ohio Bureau of Workers' Compensation. Abner alleged that General Motors had refused to transfer him in 1995 and discharged him in 2000 in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). He alleged a violation of the collective bargaining agreement by General Motors when it denied him a transfer in 1995. He also alleged state law claims of retaliation for filing a workers compensation claim, invasion of privacy, defamation, and infliction of emotional distress. He also mentioned Title VII and the Rehabilitation Act, and an unfair labor practices claim. Abner alleged that the unions had breached their duty of fair representation in violation of § 301 of the Labor Management Relations Act (LMRA). Some of the above claims were asserted against the other named defendants as well.

The district court disposed of the claims in a series of four orders. Initially, a magistrate judge recommended that the claims against the three state entities be dismissed due to Eleventh Amendment immunity. Abner filed no objection to this recommendation, which was adopted by the district court. The magistrate judge next recommended that the claims against the law firm and the local union, and all but the LMRA claim against the international union be dismissed. Again, Abner failed to object and the district court adopted this recommendation. General Motors then filed a motion to dismiss the claims against it for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). The magistrate judge recommended that the motion be granted. The district court overruled the objections filed by Abner and granted the motion to dismiss. The district court erroneously indicated that this was a final judgment. Abner filed a notice of appeal. Counsel for the international union moved for clarification as to whether the LMRA claim against it was still pending. The district court then vacated the portion of its order which stated that it was a final judgment, and ordered the case to proceed on the remaining claim against the international union. The union moved for summary judgment, which the district court granted. No appeal was filed from this final order.

In his briefs on appeal, Abner argues that his employment discrimination claims were erroneously found to be barred by his late filing of a charge with the EEOC, because equitable tolling should have been applied. He asks this court to overturn a decision of the Industrial Commission finding that he had fraudulently obtained workers' compensation, as well as his conviction in a state Common Pleas Court on his guilty plea to a charge of workers' compensation fraud. He reassserts the

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

merits of his claims against the state entities and the international and local unions, but expressly abandons his claims against the defendant law firm. Counsel for the international union has filed a brief arguing that the court does not have jurisdiction to review the summary judgment in its favor on the LMRA claim, as no notice of appeal was filed from that order. Alternatively, it argues that the summary judgment on the merits was proper. General Motors urges in its brief that the district court's order dismissing the claims against it for failure to state a claim be affirmed, and points out that Abner did not raise an argument addressing equitable tolling of his discrimination claims in the district court.

■ Initially, we note that Abner waived his right to appeal the dismissal of the claims against the state entities, the law firm (which he he has also expressly abandoned on appeal), and the local union, and all but the LMRA claim against the international union, by failing to file objections to the magistrate judge's reports recommending dismissal of these claims. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Furthermore, we adopt the international union's argument that we lack jurisdiction to review the summary judgment in the union's favor on the LMRA claim, because Abner did not appeal from that decision. He filed a notice of appeal from the order dismissing the claims against General Motors, which erroneously indicated that it was a final order. The language indicating that this was a final order was subsequently vacated, and the summary judgment on the remaining claim against the international union was entered later, with no notice of appeal filed by Abner. Therefore, the disposition of the LMRA claim against the international union is not before the court. *Cf. Reeves v. Collins,* 27

F.3d 174, 177 (5th Cir.1994) (must file amended notice of appeal from amended judgment).

The claims against General Motors were properly dismissed for failure to state a claim, as de novo review of the record shows that Abner could prove no facts which would entitle him to the relief requested. *American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352, 353 (6th Cir.1990).

■ Abner's claims under the ADA and ADEA were properly dismissed because he failed to file a charge with the EEOC within 300 days of his June 2000 discharge. *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000). Abner's argument that equitable tolling should be applied to render his charge timely was not raised below, and need not be considered. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). Moreover, the record would not support the application of equitable tolling in any event. Abner signed a form from the EEOC notifying him of the 300–day filing requirement in February 2001. Although it appears that there was a mix-up regarding an appointment for actually filing a charge, there is no indication that Abner inquired about filing a charge again until three months later, by which time the period for filing a charge had expired. Thus, it does not appear that Abner could show lack of knowledge of the filing requirement, or diligence in pursuing his claim, in order to be entitled to equitable tolling. *Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560–61 (6th Cir.2000).

Abner's claim of a violation of the collective bargaining agreement by General Motors in its failure to transfer him in 1995 was also barred by the six-month statute of limitations on LMRA claims. *Ryan v. General Motors Corp.,* 929 F.2d 1105, 1111 (6th Cir.1989). Abner's state law claims

could have properly been dismissed when all of the federal claims were dismissed. *Brandenburg v. Hous. Auth. of Irvine,* 253 F.3d 891, 900 (6th Cir.2001). Moreover, Abner's claim of retaliation for filing a workers' compensation claim was properly found by the district court to be barred by the 180–day limitation period set forth in Ohio Rev.Code § 4123.90. His defamation claim was also barred by a one-year statute of limitations. Ohio Rev.Code § 2305.11(A). The district court also properly concluded that Abner's claims of invasion of privacy and infliction of emotional distress failed to state a claim, because Abner complained only of an investigator observing him working at a flea market and a mall, which were public places where Abner had no privacy expectation, and because he made no claim of injury from emotional distress.

Finally, to the extent Abner attempted to assert claims against General Motors under Title VII or the Rehabilitation Act, or a claim of an unfair labor practice, the district court properly dismissed them for failure to state a claim, because Abner made no claim of discrimination based on race, religion, sex, or national origin; the Rehabilitation Act applies to federal actors; and unfair labor practices claims can only be presented to the National Labor Relations Board. *NLRB v. Ky. May Coal Co.,* 89 F.3d 1235, 1239–40 (6th Cir.1996).

The miscellaneous arguments presented in Abner's brief are also meritless. Federal courts lack jurisdiction to review state court decisions, such as the finding of the Industrial Commission and Abner's conviction of workers' compensation fraud, which he seeks to challenge here. *Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir.1998). Abner's attempt to invoke 18 U.S.C. § 241 fails because that statute does not provide a civil action for damages, and Abner cannot initiate a fed-

eral criminal prosecution. *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.