**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0498n.06
Filed: August 14, 2008

**No. 07-2148**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES G. STOCKARD, JR. | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | |
| | ) | **M E M O R A N D U M** |
| MICHAEL J. ASTRUE, COMMISSIONER OF | ) | **O P I N I O N** |
| SOCIAL SECURITY | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

BEFORE:  NORRIS, BATCHELDER, AND GIBBONS, Circuit Judges.

**PER CURIAM.** Plaintiff was denied Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. In its review of the decision, the district court granted summary judgment in favor of the Commissioner of Social Security. For the reasons set forth below, we affirm the district court's judgment.

Plaintiff filed an application for SSI benefits on April 30, 2003, which was subsequently denied. A Social Security Administration hearing was held on October 13, 2005, where the Administrative Law Judge ("ALJ") determined that plaintiff was not "disabled" as defined under the Social Security Act, and thus was ineligible for benefits.

Plaintiff subsequently brought an action for judicial review in district court. The district court referred cross motions for summary judgment to a magistrate judge. Finding substantial evidence to support the ALJ's decision, the magistrate judge recommended that summary judgment in favor

of the Commissioner be granted. Plaintiff did not object to the report and recommendation, which the district court later adopted in full.

Although plaintiff filed an appeal of the district court decision to adopt the magistrate judge's report, a party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to further appeal under the doctrine articulated in *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."). *See also Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). In this case, the magistrate judge's report specifically stated that the parties must file objections within ten days, and a failure to file specific objections would constitute a waiver of any further right of appeal.

This court may choose not to apply the rule if exceptional circumstances are present that justify disregarding the rule in the interests of justice. *Thomas*, 474 U.S. at 155 & n.15. "Recognizing that the waiver rule is not absolute, this court has excused default 'where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice.'" *Sullivan*, 431 F.3d at 984 (quoting *United States v. 1184 Drycreek Rd.*, 174 F.3d 720, 726 (6th Cir. 1999)).

After a careful review of plaintiff's filings, the record before us, including the earlier decisions, we discern no circumstances that persuade us to disregard the *Walters* waiver rule. Furthermore, were this court to reach the merits of the case, the result would be the same. The Commissioner's determination was clearly supported by substantial evidence as required by 42 U.S.C. § 405(g). In addition, plaintiff attached a number of documents to his pro se brief. To the

extent this court might construe these attachments as an implicit request to have his case remanded pursuant to the sixth sentence of § 405(g), the request fails because the evidence submitted is not "new and material." *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-84 (6th Cir. 2006).

For the reasons outlined above, we hold that by failure to object to the magistrate judge's report and recommendation, plaintiff has waived appellate review. The judgment of the district court is **AFFIRMED.**