**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0166n.06
Filed: February 26, 2009

**No. 07-5519**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| HARRY JAVAHERPOUR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| _____ | ) | |

BEFORE:   McKEAGUE and GRIFFIN, Circuit Judges; and WEBER, District Judge.[*]

GRIFFIN, Circuit Judge.

Petitioner appeals the district court's dismissal of his habeas corpus petition and denial of

his request for an evidentiary hearing.  We affirm.  In doing so, we hold that Javaherpour waived his

"opportunity-to-plea" ineffective assistance of counsel claim under the "waiver rule" by failing to

challenge that claim's dismissal in his objections to the magistrate's report and recommendation.

I.

A federal jury convicted Javaherpour of one count of conspiracy to manufacture less than

fifty grams of methamphetamine in violation of 21 U.S.C. § 846 and two counts of distribution of

a list I chemical, pseudoephedrine, for use in manufacturing, in violation of  21 U.S.C. § 841(c)(2).

_____

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

The district court sentenced Javaherpour to 151 months of imprisonment pursuant to 21 U.S.C. §

841(b)(1)(C) and ordered Javaherpour to forfeit up to $226,000. Javaherpour's 2001 convictions

stemmed from his ownership and operation of the Par 4 Market in Summersville, Tennessee, where

he sold large quantities of pseudoephedrine pills and other items used to manufacture

methamphetamine.

On direct appeal, we affirmed Javaherpour's conviction and sentence. *United States v.*

*Javaherpour*, 78 F. App'x 452 (6th Cir. 2003) (unpublished). On May 5, 2004, Javaherpour filed

a habeas petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Pursuant to 28 U.S.C. §

636(b)(1)(B), Javaherpour's § 2255 petition was referred to a magistrate judge for a report and

recommendation ("R&R"). The magistrate judge entered an R&R recommending the dismissal of

Javaherpour's § 2255 petition and denying his request for an evidentiary hearing. Javaherpour filed

timely objections to the magistrate's R&R. After reviewing Javaherpour's objections, the district

court adopted the R&R and dismissed Javaherpour's § 2255 petition with prejudice.

Javaherpour filed a timely notice of appeal, which we granted after construing it as a

certificate of appealability under FED. R. APP. P. 22(b). This appeal followed.

II.

When a prisoner seeks relief under § 2255, the district court must assess the sufficiency of

his constitutional claims and determine whether he is entitled to an evidentiary hearing:

> Unless the motion and the files and records of the case conclusively show that the
> prisoner is entitled to no relief, the court shall cause notice thereof to be served upon
> the United States attorney, grant a prompt hearing thereon, determine the issues and
> make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "In reviewing the denial of a 28 U.S.C. § 2255 petition, this court 'applies a *de novo* standard of review of the legal issues and will uphold the factual findings of the district court unless they are clearly erroneous.'" *Peveler v. United States,* 269 F.3d 693, 698 (6th Cir. 2001) (quoting *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir. 1998)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin*, 330 F.3d at 737 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). "Claims of ineffective assistance of counsel are appropriately brought by filing a motion under section 2255." *Griffin,* 330 F.3d at 736.

A habeas petitioner must demonstrate two elements to prevail on a claim of ineffective assistance of counsel: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The *Strickland* standard applies to ineffective assistance of counsel claims involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Goldsby v. United States*, 152 F. App'x 431, 437 (6th Cir. 2005) (unpublished).

Javaherpour asserts that the district court erred when it dismissed his ineffective assistance of counsel claim based upon his assertion that his trial counsel misinformed him that he faced "no more than 27 months imprisonment even if he went to trial and was convicted." Javaherpour argues that if his attorney had conveyed to him that proceeding to trial could expose him to a longer prison sentence, he would have negotiated a plea agreement with the Government or pleaded guilty "without a plea agreement" (hereinafter referred to as his "opportunity-to-plea" claim).

A.

By operation of 28 U.S.C. § 636(b)(1), any party that disagrees with a magistrate's R&R "may serve and file written objections" to the magistrate's report, and thereby obtain de novo review by the district court judge of those portions of the report to which objections are made. In *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), we held that a party must file timely objections with the district court to avoid waiving appellate review. *Id.* at 949-50; *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), *aff'd*, 474 U.S. 140 (1985).

The Government argues that Javaherpour's "opportunity-to-plea" claim is not properly before this court because he failed to object to that portion of the magistrate's R&R that addressed and recommended its dismissal. Javaherpour responds that waiver is inappropriate under these facts because the magistrate did not understand the gravamen of his "opportunity-to-plea" claim. In the alternative, Javaherpour argues that his failure to specifically object to the dismissal of his "opportunity-to-plea" claim can be excused in the interests of justice. He further asserts that the

Government is prohibited from pursuing a waiver argument unless it obtains an amended judgment from the district court or files a cross-appeal.

Under the "waiver rule," only specific objections to the magistrate's R&R "will be preserved for appellate review; making some objections but failing to raise others will not preserve [every] objection[] a party may have." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (quoting *Smith,* 829 F.2d at 1373). In *Wells v. Morgan*, 173 F.3d 857 (6th Cir. 1999) (unpublished), we held that a pro se plaintiff waived any issue to which he did not specifically object on appeal. In so holding, we stated:

> [P]laintiff waived his remaining claims on appeal . . . . Here, plaintiff objected to the magistrate judge's recommendation only on three grounds: (1) that he was proceeding pro se and should have been given an opportunity to amend his complaint; (2) that he exhausted his administrative remedies regarding his claims; and (3) that he had no opportunity to conduct discovery. Because he did not file specific objections to the magistrate judge's conclusion that he failed to state a claim upon which relief can be granted, plaintiff has waived appellate review of the disposition of [those] claims.

*Wells*, 173 F.3d at 857.

In the present case, the R&R recommended dismissal of the "opportunity-to-plea" claim because Javaherpour failed to assert (and there was no evidence to suggest) that the parties negotiated or discussed a plea agreement. Specifically, the R&R states "Javaherpour has not asserted . . . that his counsel failed to communicate a proposed plea agreement . . . . Rather, Javaherpour questions his own decision to go to trial and not seek a plea agreement . . . claim[ing] . . . he would have decided to <u>not</u> go to trial" had he known the trial judge could impose a prison sentence greater than 27 months. (Emphasis in original.) Thus, despite Javaherpour's contrary assertion, the R&R

reveals that the magistrate judge sufficiently understood the gravamen of his "opportunity-to-plea"

claim and simply concluded that it lacked merit.

Javaherpour's objections to the R&R are lengthy and well organized. He disputed the R&R's

disposition of two of his ineffective assistance of counsel claims, namely, his trial counsel's failure

to subpoena certain witnesses and to request exculpatory evidence. Javaherpour also objected to the

R&R regarding the unconstitutionality of his sentence because the district court enhanced his penalty

based "on a drug quantity that was not found by a jury." Javaherpour did not object, however, to the

magistrate's discussion or ruling regarding his "opportunity-to-plea" claim, which comprised nearly

three pages of the R&R.

Accordingly, the district court addressed only the contested issues during its review of the

R&R. In this regard, the Supreme Court has stated:

> The filing of objections to a magistrate's report enables the district judge to focus
> attention on those issues–actual and legal–that are at the heart of the parties' dispute.
> The Sixth Circuit's rule, by precluding appellate review of *any* issue not contained
> in objections, prevents a litigant from "sandbagging" the district judge by failing to
> object and then appealing. Absent such a rule, any issue before the magistrate would
> be a proper subject for appellate review. This would either force the court of appeals
> to consider claims that were never reviewed by the district court, or force the district
> court to review every issue in every case, *no matter how thorough the magistrate's
> analysis* and even if both parties were satisfied with the magistrate's report. Either
> result would be an inefficient use of judicial resources.

*Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (emphasis added) (footnote omitted).

Despite Javaherpour's assertions to the contrary, we have applied the waiver rule to pro se

defendants. *See United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2007) (holding the defendant

waived a third-party issue on appeal because he failed to object to that portion of the R&R regarding

the third-party issue). Javaherpour relies on *Douglass v. United States Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) to argue that we should exercise caution when applying the waiver rule to pro se parties. However, this non-binding authority conflicts with our decisions in *Smith* and *Campbell* and the Supreme Court's decision in *Thomas*. In addition, the R&R in this case unambiguously warned Javaherpour that "only specific objections are reserved for appellate review."

Javaherpour fails to cite to any authority that would require the Government to file a cross-appeal to pursue its waiver argument. A cross-appeal is not required where a party does not seek to expand the rights conferred by a favorable judgment, even if the party's argument involves an attack upon the reasoning of the lower court or an insistence upon a matter overlooked or ignored by it. *Olympic Fastening Sys., Inc. v. Textron Inc.*, 504 F.2d 609, 617 (6th Cir. 1974). Likewise, Javaherpour cites to no authority supporting his proposition that the Government was required to seek an amended judgment from the district court to pursue a waiver argument.

In fact, Javaherpour's contention that the Government was required to file a cross-appeal or obtain an amended judgment to advance its waiver argument conflicts with the *Thomas* decision's discussion regarding the efficient use of judicial resources. The district court was not required to address an issue that Javaherpour did not contest in his objections to the R&R. A contrary result would force the "district court to review every issue in every case, no matter how thorough the magistrate's analysis . . . . " *Thomas,* 474 U.S. at 148.

Next, Javaherpour argues that we should "waive [his] failure to object in the interest of justice." "This court may choose not to apply the [waiver] rule if exceptional circumstances are

present that justify disregarding the rule in the interests of justice." *Stockard v. Astrue*, 293 F. App'x

393, 394 (6th Cir. 2008) (unpublished) (citing *Thomas*, 474 U.S. at 155 & n.15). Javaherpour fails

to identify any exceptional circumstances in this case. His assertions that his pro se status and native

Iranian language should excuse his failure to object are self-defeating because he filed numerous and

lucid objections to other sections of the magistrate's R&R.

We hold that Javaherpour waived his "opportunity-to-plea" ineffective assistance of counsel

claim by failing to challenge that claim's recommended dismissal in his objections to the

magistrate's R&R. Because this claim is waived, we need not address its merit.

B.

Finally, Javaherpour asserts a perfunctory argument that his due process rights were violated

during his trial because the prosecution withheld exculpatory evidence. *See Brady v. Maryland*, 373

U.S. 83 (1963). Javaherpour concedes that he did not raise this issue on direct appeal.

When a defendant has procedurally defaulted a claim by failing to raise it on direct review,

the claim may be raised in habeas only if the defendant can demonstrate either "cause" and actual

"prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or that he is "actually innocent." *Id.* at

496. Javaherpour makes no argument to support either exception. Because Javaherpour fails to

substantively address the merits of his *Brady* claim, the issue is deemed waived on appeal. *United

States v. Phinazee*, 515 F.3d 511, 520 (6th Cir. 2008) (issues averted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived).

III.

For these reasons, we affirm the judgment of the district court.