NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0297n.06

**No. 09-1457**

FILED

May 13, 2010

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JERAL PEOPLES,                          )
                                        )
    Plaintiff-Appellant,                )
                                        )
v.                                      )   ON APPEAL FROM THE UNITED
                                        )   STATES DISTRICT COURT FOR THE
BRIAN HOOVER, et al.,                   )   WESTERN DISTRICT OF MICHIGAN
                                        )
    Defendants-Appellees.               )
                                        )

Before: KENNEDY, MOORE and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Jeral Peoples, proceeding *pro se*, appeals the dismissal of his

§ 1983 claim and asks us to appoint counsel to represent him. Because Peoples forfeited his

arguments by not raising them as objections to the magistrate's report and recommendation, we

affirm the district court's dismissal and deny his motion to appoint counsel.

I.

While incarcerated in a state prison in Michigan, Peoples filed a state-court complaint against

prison official Brian Hoover, alleging that Hoover unlawfully retaliated against him for filing a

grievance about Hoover's conduct. Peoples tried to serve his state-court complaint on Hoover and

the Michigan Attorney General on June 21 and June 28, 2007, using the prison's expedited mail

service for legal mail. According to Peoples, Lincoln Marshall, the prison official making the mail

rounds on those days, processed the mail addressed to the Attorney General but refused to process the mail addressed to Hoover.

On August 29, 2007, the Michigan Attorney General's Office sent Peoples a letter informing him that it could not accept service on Hoover's behalf. The letter instructed Peoples to serve Hoover "in accordance with the Court rules," R.1-2, 1, which, in Michigan state court, means serving the defendant personally or through "registered or certified mail, return receipt requested," Mich. Ct. R. 2.105(A). Peoples apparently did not heed the AG's advice in time, because the state court dismissed his complaint on September 24, 2007, for failure to serve Hoover. Unaware of the state-court dismissal, Peoples tried to serve Hoover again on September 27, 2007, but prison official James LeClaire allegedly thwarted his effort.

Several months later, on January 4, 2008, Peoples filed this § 1983 action against Hoover, LeClaire and Marshall in federal court. Peoples claimed that LeClaire and Marshall violated his right of access to the courts and denied him due process and equal protection by refusing to process the legal mail addressed to Hoover. In a separate "declaration" submitted with his amended complaint, Peoples claimed that Marshall and LeClaire "conspired to retaliate against" him. R.41, 8. His federal-court complaint raised no specific allegations against Hoover, though the attached declaration reiterates Peoples' state-court claim that Hoover unlawfully retaliated against Peoples and discriminated against him on the basis of race.

The magistrate judge issued a report and recommendation dismissing Hoover as a defendant and granting summary judgment to Marshall and LeClaire. Peoples' amended complaint, the magistrate found, raised no allegations against Hoover. The magistrate determined that Marshall was entitled to summary judgment with respect to the access-to-courts claim because Peoples had not followed prison procedures when he gave the mail to Marshall, preventing Marshall from verifying the mail as legal and from treating it as such. And LeClaire's conduct, the magistrate concluded, could not have contributed to the state-suit dismissal, which occurred three days *before* Peoples presented his letter to LeClaire. The report and recommendation did not address Peoples' equal protection, due process, retaliation or racial discrimination claims.

Peoples filed lengthy objections to the magistrate's report. But the objections, the district court determined, did not contest the grounds on which the magistrate disposed of his claims against Marshall and LeClaire. The court thus adopted the report and recommendation.

II.

Peoples argues that the district court erred in dismissing his retaliation and access-to-courts claims. Yet Peoples forfeited appellate review of these arguments by not raising them in his objections to the magistrate's report. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). In objecting to the magistrate's report, Peoples addressed only the magistrate's refusal to add new parties and new claims to his suit. He re-alleged the facts that formed the basis of his complaint, but nowhere took issue with two dispositive considerations: Peoples had not

followed prison procedures in submitting his mail to Marshall, and Peoples had submitted his mail to LeClaire after his state suit was dismissed (and therefore Peoples could not have suffered any injury from the alleged failure of LeClaire to process the mail). Nor did Peoples say anything about the magistrate's decision not to address his equal protection, due process, retaliation and race-discrimination claims.

Parties, we have long held, forfeit appellate review of arguments not raised as objections to a magistrate's report. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596–97 (6th Cir. 2006) ("[O]nly [the] specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (quoting Smith v. Detroit Fed'n of Teachers, Local 321, 829 F.2d 1370, 1373 (6th Cir. 1987)). "[B]y precluding appellate review of any issue not contained in objections" to a magistrate's report, this rule of preservation "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985) (approving the Sixth Circuit's rule). Even though we give the benefit of the doubt to *pro se* pleadings and generally hold *pro se* litigants to less stringent requirements than represented parties, the preservation requirement is a more difficult one to excuse, as suggested by the difficulty of explaining to a district court why it should be reversed based on a ground never presented to it and as confirmed by the reality that we have enforced this rule regularly against *pro se* litigants. *See Spencer v. Bouchard*, 449 F.3d 721, 724–25 (6th Cir. 2006); *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996); *Thomas v. Arn*, 728 F.2d 813, 814

(6th Cir. 1984), *aff'd Thomas*, 474 U.S. 140; *see also Javaherpour v. United States*, 315 F. App'x

505, 509 (6th Cir. 2009); *Stockard v. Astrue*, 293 F. App'x 393, 394–95 (6th Cir. 2008); *McCready

v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004); *Abner v. Gen. Motors*, 103 F. App'x 563, 565

(6th Cir. 2004); *Ingram v. Harry*, 97 F. App'x 20, 21 (6th Cir. 2004); *James v. Hurley*, 93 F. App'x

744, 746 (6th Cir. 2004); *Young v. S.E. Johnson Cos.*, 89 F. App'x 576, 577 (6th Cir. 2004). Just

as the Supreme Court generally does not reverse our decisions based on arguments never presented

to us, *see Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264, 275 (2007), we generally will

not reverse district court decisions based on arguments never presented to them.

Peoples' forfeiture below is not his only problem. His appellate briefs fail to contest the

district court's finding that he *did not* challenge the dispositive aspects of the magistrate's report.

He complains about the court's disposition of the case, to be sure, but he does not explain how the

court erred by directing us to any place in his lower-court objections where he addressed the central

issues in the case. What is more, he does not urge us to excuse his forfeiture either because of his

*pro se* status or because of some "exceptional circumstance[]" that might justify "disregarding the

rule." *Stockard*, 293 F. App'x at 394. This double forfeiture precludes us from reversing this aspect

of the district court's decision.

The dissent maintains that we should excuse Peoples' failure to object based on "exceptional

circumstances." But, with respect, Peoples has given us no basis for doing so. Peoples knew about

the objection requirement, as he filed more than 20 pages of detailed objections to the magistrate's

report and recommendation. Any suggestion "that his *pro se* status . . . should excuse his failure to

object [is] self-defeating because he filed numerous and lucid objections to other sections of the magistrate's R& R." *Javaherpour*, 315 F. App'x at 510. Peoples thus was not blind-sided by the objection requirement, his lengthy objections failed to address the critical issue in the case, and nothing about the objections he did make gave the court any reason to think that the magistrate had erred.

Nor was there anything to the state court lawsuit that Marshall allegedly refused to serve. Prison officials did *not* treat Hoover's allegedly retaliatory charge against Peoples for possession of stolen material as a major misconduct violation. Rather, prison officials placed Peoples in administrative segregation for a series of five misconduct charges, ones in which Hoover apparently played no role, or at least Peoples never alleges that he played any role in them. No doubt, a meritless lawsuit may form the basis for an access-to-courts claim, *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002), but any damages Peoples could have received in this § 1983 action would be nominal at best. It therefore is difficult to maintain that this case presents the kind of "manifest injustice" for which the "exceptional circumstances" doctrine is reserved. *See United States v. Markwood*, 48 F.3d 969, 974 (6th Cir. 1995).

Peoples, moreover, had a chance to remedy Marshall's refusal to serve Hoover properly before the state court dismissed his suit. One month before the state-court dismissal, the Attorney General informed Peoples that service by ordinary mail was insufficient, but Peoples took no action to correct the improper service. While Peoples' missed opportunity might not in itself be dispositive, it too counsels against finding that exceptional circumstances require us to overlook his forfeiture.

As to the argument that Peoples preserved below—that the district court erred in not allowing him to add new parties and new claims—he is mistaken. Peoples did not show that the parties and claims he sought to add were related to his claim that prison officials interfered with his legal mail. The district court accordingly did not abuse its discretion in denying his requests. *See Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).

Because appointing counsel to address unpreserved or otherwise meritless claims would serve no useful purpose, we deny Peoples' motion to appoint counsel.

III.

For these reasons, we affirm the judgment of the district court and deny Peoples' motion to appoint counsel.

**KAREN NELSON MOORE, Circuit Judge, dissenting in part.** I dissent from the majority's conclusion that Peoples forfeited appellate review of his access-to-courts claim by failing to object to the magistrate judge's report and recommendation because I believe that exceptional circumstances exist to excuse his forfeiture and that we should reverse the district court's grant of summary judgment to Marshall and remand for further proceedings. I concur in the judgment that Peoples forfeited appellate review of his retaliation claim and that his other claims are meritless.

I agree with the majority's conclusion that Peoples's objections to the magistrate judge's report and recommendation were inadequate to preserve appellate review of his arguments related to his access-to-courts claim. However, even if his objections are inadequate, we must still analyze whether exceptional circumstances exist to excuse this forfeiture. "[W]e decline to apply the waiver rule where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice." *United States v. 1184 Drycreek Road*, 174 F.3d 720, 725–26 (6th Cir.), *cert. denied*, 528 U.S. 987 (1999); *see Thomas v. Arn*, 474 U.S. 140, 155 & n.15 (1985); *United States v. Poole*, 407 F.3d 767, 773 (6th Cir.) (holding that waiver of appeal from failure to raise issues as objections to the magistrate judge's report may be excused "'in exceptional circumstances' or where application of the rule would result in a 'plain miscarriage of justice'"), *cert. denied*, 546 U.S. 913 (2005).

The magistrate judge committed plain error in making its finding, accepted by the district court, that the letter Peoples handed to Marshall and attempted to place in legal mail was sealed and thus did not qualify as legal mail under the prison policy. Although Peoples's initial filing never

stated whether the envelope he handed to Marshall was sealed or not—stating only that he submitted an envelope addressed to Hoover, Dist. Ct. Doc. ("Doc.") 41 (Amended Compl. at 3)—Peoples's responses to the defendants' motion for summary judgment clearly stated that Peoples disagreed with Marshall's statement that the envelopes were sealed, Doc. 67 (Pl.'s Response to Summ. J. Mot. at 7–8), Doc. 69 (Pl.'s Supplement to Response at 3). But the magistrate judge's report accepted Marshall's affidavit statement that Peoples presented his letters for Hoover in sealed envelopes, and the magistrate judge neither discussed nor acknowledged any dispute that Peoples had raised regarding this statement. Doc. 109 (Magistrate Judge Report and Recommendation at 10–11). Having accepted Marshall's statement of this dispositive fact, the magistrate judge recommended granting summary judgment to Marshall on Peoples's access-to-court claim. I believe that Peoples's clear statements in his filings, coupled with his objections to the magistrate judge's report, show that the magistrate judge's report is obviously incorrect because Peoples did dispute the facts stated in Marshall's affidavit. This plain error, repeated by the district court, is an exceptional circumstance that justifies excusing Peoples's waiver of appellate review, and, because a genuine issue of material fact did exist, summary judgment was improper.

I respectfully disagree with the majority's assertion that the magistrate judge's plain error in ignoring the genuine issue of material fact raised in Peoples's summary judgment opposition filings is not an error "so egregious that failure to permit appellate review would work a miscarriage of justice." *1184 Drycreek Road*, 174 F.3d at 725–26. The magistrate judge's error, repeated by the district court, effectively terminated a potentially meritorious pro se suit. Contrary to the majority's

assertion, Peoples's complaint against Hoover does allege that the prior misconduct charge that Hoover filed influenced the later decision to place Peoples in administrative segregation. Peoples alleges that Hoover unlawfully filed the theft charges in retaliation for Peoples's prior complaints to MDOC officials and targeted Peoples because of his race. Peoples alleges that this theft charge on his record was then used by the reclassification committee in its decision to reclassify him to administrative segregation for later misconduct charges.

I also disagree with the majority's contention that we should consider whether "Peoples took no action to correct the improper service," Majority Op. at 6, after receipt of the Attorney General's letter. Peoples asserts that he properly attempted to serve Hoover through the prison's *legal* mail procedures but that Marshall refused to process the envelope presented through any process other than the prison's ordinary internal department mail process. The Attorney General's letter did no more than to reassert that internal department mail could not be used to effect service, with reference to the Michigan Court Rules. Because Peoples had twice attempted to perfect proper service through the prison's legal mail procedures, he did not have a reason to "t[ake] . . . action to correct the improper service" after receipt of the Attorney General's letter. Marshall's refusal to accept Peoples's envelope for *legal* mail processing is the crux of Peoples's suit against Marshall, and I do not believe that receipt of the Attorney General's letter affects Peoples's suit.

Furthermore, I cannot agree with the majority's conclusion that Peoples committed a "double forfeiture" because his "appellate briefs fail to contest the district court's finding that he *did not* challenge the dispositive aspects of the magistrate's report." Majority Op. at 5. Peoples clearly

states in his Supplemental Brief to this court that the district court overlooked his genuine issues of material fact that he raised with regard to Marshall's refusal to process his legal mail. Pl.'s Supplemental Br. at 4. And a review of the record confirms that Peoples did address the central issues for his access-to-courts claim sufficiently to show that the district court erred in granting summary judgment to Marshall.

From my review of Peoples's district-court filings, I cannot agree that he is subject to a "double forfeiture" of his access-to-courts claim. For these reasons, I respectfully dissent from that part of the judgment that affirms the district court's grant of summary judgment to Marshall, and I would vacate the district court's order in that respect and remand for further proceedings.