SUTTON, Circuit Judge.
Jeral Peoples, proceeding pro se, appeals the dismissal of his § 1983 claim and asks us to appoint counsel to represent him. Because Peoples forfeited his arguments by not raising them as objections to the magistrate’s report and recommendation, we affirm the district court’s dismissal and deny his motion to appoint counsel.
I.
While incarcerated in a state prison in Michigan, Peoples filed a state-court complaint against prison official Brian Hoover, alleging that Hoover unlawfully retaliated against him for filing a grievance about Hoover’s conduct. Peoples tried to serve his state-court complaint on Hoover and the Michigan Attorney General on June 21 and June 28, 2007, using the prison’s expedited mail service for legal mail. According to Peoples, Lincoln Marshall, the prison official making the mail rounds on those days, processed the mail addressed to the Attorney General but refused to process the mail addressed to Hoover.
On August 29, 2007, the Michigan Attorney General’s Office sent Peoples a letter informing him that it could not accept service on Hoover’s behalf. The letter instructed Peoples to serve Hoover “in accordance with the Court rules,” R.l-2,1, which, in Michigan state court, means serving the defendant personally or through “registered or certified mail, return receipt requested,” Mich. Ct. R. 2.105(A). Peoples apparently did not heed *462 the AG’s advice in time, because the state court dismissed his complaint on September 24, 2007, for failure to serve Hoover. Unaware of the state-court dismissal, Peoples tried to serve Hoover again on September 27, 2007, but prison official James LeClaire allegedly thwarted his effort.
Several months later, on January 4, 2008, Peoples filed this § 1983 action against Hoover, LeClaire and Marshall in federal court. Peoples claimed that Le-Claire and Marshall violated his right of access to the courts and denied him due process and equal protection by refusing to process the legal mail addressed to Hoover. In a separate “declaration” submitted with his amended complaint, Peoples claimed that Marshall and LeClaire “conspired to retaliate against” him. R.41, 8. His federal-court complaint raised no specific allegations against Hoover, though the attached declaration reiterates Peoples’ state-court claim that Hoover unlawfully retaliated against Peoples and discriminated against him on the basis of race.
The magistrate judge issued a report and recommendation dismissing Hoover as a defendant and granting summary judgment to Marshall and LeClaire. Peoples’ amended complaint, the magistrate found, raised no allegations against Hoover. The magistrate determined that Marshall was entitled to summary judgment with respect to the access-to-courts claim because Peoples had not followed prison procedures when he gave the mail to Marshall, preventing Marshall from verifying the mail as legal and from treating it as such. And LeClaire’s conduct, the magistrate concluded, could not have contributed to the state-suit dismissal, which occurred three days before Peoples presented his letter to LeClaire. The report and recommendation did not address Peoples’ equal protection, due process, retaliation or racial discrimination claims.
Peoples filed lengthy objections to the magistrate’s report. But the objections, the district court determined, did not contest the grounds on which the magistrate disposed of his claims against Marshall and LeClaire. The court thus adopted the report and recommendation.
II.
Peoples argues that the district court erred in dismissing his retaliation and access-to-courts claims. Yet Peoples forfeited appellate review of these arguments by not raising them in his objections to the magistrate’s report. See Howard v. Sec’y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir.1991). In objecting to the magistrate’s report, Peoples addressed only the magistrate’s refusal to add new parties and new claims to his suit. He re-alleged the facts that formed the basis of his complaint, but nowhere took issue with two dispositive considerations: Peoples had not followed prison procedures in submitting his mail to Marshall, and Peoples had submitted his mail to LeClaire after his state suit was dismissed (and therefore Peoples could not have suffered any injury from the alleged failure of LeClaire to process the mail). Nor did Peoples say anything about the magistrate’s decision not to address his equal protection, due process, retaliation and race-discrimination claims.
Parties, we have long held, forfeit appellate review of arguments not raised as objections to a magistrate’s report. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981); Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596-97 (6th Cir.2006) (“[0]nly [the] specific objections to the magistrate’s report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.”) (quoting *463 Smith v. Detroit Fed’n of Teachers, Local 321, 829 F.2d 1370, 1373 (6th Cir.1987)). “[B]y precluding appellate review of any issue not contained in objections” to a magistrate’s report, this rule of preservation “prevents a litigant from ‘sandbagging' the district judge by failing to object and then appealing.” Thomas v. Arn, 474 U.S. 140, 147-48, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (approving the Sixth Circuit’s rule). Even though we give the benefit of the doubt to pro se pleadings and generally hold pro se litigants to less stringent requirements than represented parties, the preservation requirement is a more difficult one to excuse, as suggested by the difficulty of explaining to a district court why it should be reversed based on a ground never presented to it and as confirmed by the reality that we have enforced this rule regularly against pro se litigants. See Spencer v. Bouchard, 449 F.3d 721, 724-25 (6th Cir.2006); Kensu v. Haigh, 87 F.3d 172, 176 (6th Cir.1996); Thomas v. Arn, 728 F.2d 813, 814 (6th Cir.1984), aff'd Thomas, 474 U.S. 140, 106 S.Ct. 466; see also Javaherpour v. United States, 315 Fed.Appx. 505, 509 (6th Cir.2009); Stockard v. Astrue, 293 Fed.Appx. 393, 394-95 (6th Cir.2008); McCready v. Kamminga, 113 Fed.Appx. 47, 49 (6th Cir.2004); Abner v. Gen. Motors, 103 Fed.Appx. 563, 565 (6th Cir.2004); Ingram v. Harry, 97 Fed.Appx. 20, 21 (6th Cir.2004); James v. Hurley, 93 Fed.Appx. 744, 746 (6th Cir.2004); Young v. S.E. Johnson Cos., 89 Fed.Appx. 576, 577 (6th Cir.2004). Just as the Supreme Court generally does not reverse our decisions based on arguments never presented to us, see Credit Suisse Securities (USA) LLC v. Billing, 551 U.S. 264, 275, 127 S.Ct. 2383, 168 L.Ed.2d 145 (2007), we generally will not reverse district court decisions based on arguments never presented to them.
Peoples’ forfeiture below is not his only problem. His appellate briefs fail to contest the district court’s finding that he did not challenge the dispositive aspects of the magistrate’s report. He complains about the court’s disposition of the case, to be sure, but he does not explain how the court erred by directing us to any place in his lower-court objections where he addressed the central issues in the case. What is more, he does not urge us to excuse his forfeiture either because of his pro se status or because of some “exceptional circumstance[ ]” that might justify “disregarding the rule.” Stockard, 293 Fed. Appx. at 394. This double forfeiture precludes us from reversing this aspect of the district court’s decision.
The dissent maintains that we should excuse Peoples’ failure to object based on “exceptional circumstances.” But, with respect, Peoples has given us no basis for doing so. Peoples knew about the objection requirement, as he filed more than 20 pages of detailed objections to the magistrate’s report and recommendation. Any suggestion “that his pro se status ... should excuse his failure to object [is] self-defeating because he filed numerous and lucid objections to other sections of the magistrate’s R & R.” Javaherpour, 315 Fed.Appx. at 510. Peoples thus was not blind-sided by the objection requirement, his lengthy objections failed to address the critical issue in the case, and nothing about the objections he did make gave the court any reason to think that the magistrate had erred.
Nor was there anything to the state court lawsuit that Marshall allegedly refused to serve. Prison officials did not treat Hoover’s allegedly retaliatory charge against Peoples for possession of stolen material as a major misconduct violation. Rather, prison officials placed Peoples in administrative segregation for a series of five misconduct charges, ones in which Hoover apparently played no role, or at least Peoples never alleges that he played any role in them. No doubt, a meritless *464 lawsuit may form the basis for an access-to-courts claim, Bell v. Johnson, 308 F.3d 594, 607 (6th Cir.2002), but any damages Peoples could have received in this § 1983 action would be nominal at best. It therefore is difficult to maintain that this case presents the kind of “manifest injustice” for which the “exceptional circumstances” doctrine is reserved. See United States v. Markwood, 48 F.3d 969, 974 (6th Cir.1995).
Peoples, moreover, had a chance to remedy Marshall’s refusal to serve Hoover properly before the state court dismissed his suit. One month before the state-court dismissal, the Attorney General informed Peoples that service by ordinary mail was insufficient, but Peoples took no action to correct the improper service. While Peoples’ missed opportunity might not in itself be dispositive, it too counsels against finding that exceptional circumstances require us to overlook his forfeiture.
As to the argument that Peoples preserved below — that the district court erred in not allowing him to add new parties and new claims — he is mistaken. Peoples did not show that the parties and claims he sought to add were related to his claim that prison officials interfered with his legal mail. The district court accordingly did not abuse its discretion in denying his requests. See Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir.2006).
Because appointing counsel to address unpreserved or otherwise meritless claims would serve no useful purpose, we deny Peoples’ motion to appoint counsel.
III.
For these reasons, we affirm the judgment of the district court and deny Peoples’ motion to appoint counsel.