**Danny CHAMBERS, Petitioner–Appellant,**

**v.**

**George R. MILLION, Respondent–Appellee.**

No. 99–6363.

United States Court of Appeals, Sixth Circuit.

July 24, 2001.

required where all of the state trial transcript was not available to the district court.

Before KENNEDY, SILER and CLAY, Circuit Judges.

KENNEDY, Circuit Judge.

Petitioner Danny Chambers appeals the district court's denial of his petition for a writ of habeas corpus. We granted a certificate of appealability on three issues relevant to Chambers's ineffective assistance of counsel claims: first, whether these claims were held procedurally defaulted by the Kentucky Supreme Court, a construction adopted by the Commonwealth of Kentucky Attorney General, the magistrate judge and the district court; second, whether petitioner's failure to make specific objections to the report and recommendations waived any error of the magistrate judge with respect to the magistrate judge's holding that petitioner's incompetence of counsel claims were procedurally barred; third, if this court concludes that the claims are not procedurally barred can we address the merits or is remand

## I.

A Kentucky jury convicted Chambers of murder and the trial judge, after the jury deadlocked on whether Chambers should be sentenced to death, sentenced him to life imprisonment on July 8, 1994. Chambers appealed his conviction and on November 22, 1995, the Kentucky Supreme Court affirmed. Two months later, on January 23, 1996, Chambers moved the trial court pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure to vacate, set aside, or correct his sentence. (J.A. at 241) Chambers's motion included four claims of ineffective assistance of trial counsel relating to trial strategy and preparation and one "host of errors" claim, referring to the cumulative effect of counsel's trial errors. The trial court denied the request and the Kentucky Court of Appeals affirmed. Chambers then appealed to the Kentucky Supreme Court.

The Kentucky Supreme Court affirmed. In affirming, the court rejected in one paragraph Chambers's first four ineffective assistance claims.[1] It ruled:

---

1. First Ground for Relief. Defendant's constitutional right to due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Section Eleven of the Kentucky constitution were violated when his trial counsel failed to research and make objections and motions to the destruction of defense evidence that was destroyed by the prosecution.

Second Ground for Relief. Defendant was denied effective counsel, due process, and a fair trial in an adversial [sic] testing, contrary to the 6th, 5th and 14th Amendments of the U.S. Constitution and contrary to Section 11 of the Kentucky constitution when defendants [sic] court appointed counsel failed to secure expert witnesses to examine the evidence, prepare questions for the states experts and to formulate a defense and to have experts testify for the defense.

Third Ground for Relief. Defendant was denied effective counsel, due process, and a fair trial in an adversial [sic] testing, contrary to the 6th, 5th and 14th Amendments of the U.S. Constitution and contrary to Section 11 of the Kentucky constitution when defendants [sic] court appointed counsel failed to call witnesses, prepare questions and to formulate a defense using witnesses that were available to the defense.

Fourth Ground for Relief. Movant/defendant's constitutional right to due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Section Eleven of the Kentucky constitution were violated when defendants [sic] trial counsel failed to adequately prepare for the penalty phase (in the case of a finding of guilt) thereby giving the

Chambers has failed to meet the criteria required to establish ineffective assistance of counsel. Bare allegations alone will not suffice. After our examination of the record, we cannot say that Chambers's counsel's performance fell outside the wide range of professionally competent assistance or that there is a reasonable probability that the result of the proceeding would have been different but for counsel's alleged unprofessional errors.

J.A. at 370. It then moved to the "host of errors" claim.

With regard to the "host of errors" that Chambers's [sic] contends occurred during his trial, we hold that a RCr. 11.42 proceeding is not the appropriate vehicle to address these alleged errors. A motion pursuant to RCr. 11.42 provides the movant with the opportunity to attack an erroneous judgment on grounds not available by direct appeal. A motion pursuant to RCr. 11.42 is not intended to give the defendant a vehicle for pursuing what amounts to an alternate appeal or for indirectly seeking review of trial errors that should have been raised upon direct appeal. After reviewing the "host of errors" raised by Chambers, we find that they consisted of issues which should have been properly raised on direct appeal.

J.A. at 371.

Chambers, proceeding pro se, then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 25, 1998. The district court referred the matter to a magistrate judge. The magistrate judge filed a report and recommendation in which he held that several claims raised in the original appeal to the Kentucky Supreme Court were not contrary to or an unreasonable application of established federal law. These claims are not at issue here. The magistrate judge then found that the Kentucky Supreme Court had ruled that Chambers procedurally defaulted his ineffective assistance of trial counsel claims. Accordingly, the magistrate judge found he was procedurally barred from hearing the merits of those claims. The magistrate judge then concluded that petitioner had failed to establish cause as to why he failed to raise his ineffective assistance of counsel claims. Chambers, still proceeding pro se, filed objections to the report but did not object specifically to the finding that he had procedurally defaulted ineffectiveness of counsel claims or point out that the Kentucky Supreme Court had passed on the merits of the four claims relating to lack of preparation and strategy[2] in its decision on his post-conviction proceeding. The district court accepted the magistrate judge's recommendation and denied the writ.

Chambers now appeals the certified issues.

## II.

### A.

■ The magistrate judge appears to have misread the Kentucky Supreme Court's opinion. The Kentucky Court of Appeals opinion does not state that Chambers waived the four specific ineffective assistance of counsel claims; rather, it rules on the merits of those claims when it states: "After our examination of the record, we cannot say that Chambers's counsel's performance fell outside the wide range of professionally competent assistance ...." J.A. at 370. Thus Chambers presented to the state court his ineffective

prosecution full rien [sic] and doing nothing to help defuse [sic] the damage done by the prosecution.

2. These are claims III, IV and V in his federal petition. Federal claim VI is his state "host of errors" claim.

assistance of counsel claims and that court ruled on the merits of all but the "host of errors" claim when it held that trial counsel's performance did not "fall outside the wide range of competence." Petitioner is, therefore, entitled to have those issues raised in those four claims reviewed on federal habeas.

Ordinarily a habeas petitioner seeks to excuse the failure to raise incompetence of trial counsel on the incompetence of appellate counsel and to use that incompetence as cause for the failure to raise the deficiencies of trial counsel on direct appeal. However, petitioner did not raise any claim of incompetence of appellate counsel before the Kentucky courts. His first reference to incompetence of appellate counsel came in his objections to the magistrate judge's report and recommendation. J.A. 928. The Supreme Court has required that where "cause" is reliance on the incompetence of appellate counsel, it must be raised in a separate proceeding before the state court. *Edwards v. Carpenter*, 529 U.S. 446, 456, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

With respect to the "host of errors" claim, we agree with the district court they were procedurally barred unless petitioner established cause and prejudice.

### B.

■ Chambers failed to object specifically to the portion of the recommendation he now challenges. This Circuit has ruled that a party waives its right to appeal an issue to the court of appeals if it fails to object to the magistrate judge's recommendation and report within ten days of the filing of the report so long as the report informed the party of the effect of such failure. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). This court has extended this rule to generalized objections. *See Howard v. Secretary of Health and Human Services*, 932 F.2d

505, 509 (6th Cir.1991). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).

Chambers concedes that his objections to the magistrate judge's reading of the Kentucky Supreme Court's opinion were somewhat vague, but contends they were sufficient to meet this requirement. While Chambers did not argue that the magistrate's reading of the Kentucky Supreme Court's opinion was wrong, he did argue the legal effect of not raising an ineffective assistance of counsel claim on appeal and that he had not waived the claim. That is, that it was an error of law to conclude that his failure to raise the issue on direct appeal procedurally barred courts from hearing the matter in post-conviction proceedings.

Petitioner after careful[l]y reading the magistrate[']s findings and reading the Respondent[']s answer to Petitioner's habeas can find "no where" in either document[ ] a cited rule for what is a direct appeal issue and what is a RCr 11.42 issue.

Petitioner does know that in order [sic] for his issues to be presented his appointed attorney would have to present this issue and there is no rule in Kentucky for ineffective assistance of appellant [sic] counsel. There is not [sic] forum and if appellant [sic] counsel foregoes a vigorous [sic] appeal on the case then an indigent defendant is sunk.

Kentucky court[s] hear these issues on RCr 11.42 all the time and don't bar them from review. In fact [sic] here at the institution there are several people who have brought these same exact issues before the courts on RCr 11.42 and

through the appellant [sic] process without being barred.

The United States Supreme Court has held that:

A State procedural ground is not adequate unless it is "strictly or regularly followed",

(see *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988))

.  .  .  .  .

In the case at bar, if the issues presented should [have] been raised on direct appeal, then court appointed counsel was ineffective and the only procedure for raising the issue was on RCr 11.42.

J.A. at 929.

Kentucky argues that by objecting to some issues but not to others, Chambers drew the court's attention away from the specific issue decided against him, *See Neuman v. Rivers,* 125 F.3d 315, 323 (6th Cir.1997), and that his objection is premised on the assumption that the Kentucky court actually found his claims defaulted. Kentucky contends that this assumption explains why Chambers argues that "[a] State procedural ground is not adequate unless it is 'strictly or regularly followed.'" J.A. 929. Chambers's objections do go to the issue of procedural default although they do not point out the magistrate judge's failure to differentiate between the issues Kentucky found procedurally barred and those on which it ruled on the merits. He did argue that it was error to procedurally bar his incompetence of counsel claims.

Chambers argues that even if his objections were not specific enough, this court should find cause to allow him to appeal the issue. Citing *United States v. Real Property Located at 1184 Drycreek Road,* 174 F.3d 720 (6th Cir.1999), Chambers claims the magistrate's error was so egregious that to find a waiver would amount to a miscarriage of justice or that the interests of justice require that this court hear his appeal.

This court has adopted a case-by-case analysis as to what amounts to a miscarriage of justice or is considered in the interest of justice so as to justify waiver of the specificity request. *See Kent v. Johnson,* 821 F.2d 1220, 1223 (6th Cir.1987). In *Kent,* the court excused the plaintiff's late filing on the grounds that (1) the plaintiff actually received the report and recommendation late, (2) the district court's judgment was entered prematurely, (3) the objection was filed only one day late, and (4) the question presented was of considerable import. Because Chambers's ineffective assistance claim could produce a new trial, this case satisfies the fourth prong ("considerable import") of *Kent.*

We are also guided to grant Chambers the chance to present arguments on these issues by an unpublished opinion, *Cannon v. Norman,* No. 90–5315, 1991 WL 213757 (6th Cir. Oct. 23, 1991). Cannon, a paraplegic inmate, filed a complaint alleging that the Sheriff of Robertson County, Tennessee, subjected Cannon to conditions that constituted cruel and unusual punishment. The court found that although Cannon had failed to object to portions of the magistrate's report and recommendation, the interests of justice favored hearing the merits of the case because, "[a]t the district level, Cannon was an incarcerated litigant proceeding in forma pauperis without the assistance of counsel. In addition, the district court examined all of the issues in this case, including those not objected to by Cannon." *Cannon,* 1991 WL 213757, at *2.

■ While the fact that petitioner was pro se does not excuse him from making objections, we are troubled by the fact that neither the magistrate judge nor the district court examined the merits of petitioner's claim of ineffective assistance of coun-

sel because they erroneously believed this claim was defaulted in its entirety. Petitioner did direct his objections to the issues involved although he was not able to articulate the legal reasons. Under the totality of the circumstances here, we believe the interest of justice requires us to hear the appeal.

### III.

For the foregoing reasons, we reverse the decision of the district court. The district court made no findings on whether petitioner was prevented from raising the "host of errors" issues because of inability to communicate with his attorney. We remand for consideration of claims III, IV and V in which the Kentucky Courts ruled on the merits and further examination of petitioner's cause for failing to raise the "host of errors" on direct appeal.