NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0167n.06

Case No. 18-1756

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| JODI C. HOHMAN, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Apr 01, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| INTERNAL REVENUE SERVICE; | ) | STATES DISTRICT COURT FOR |
| TREASURY INSPECTOR GENERAL FOR | ) | THE EASTERN DISTRICT OF |
| TAX ADMINISTRATION, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees, | ) | **OPINION** |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

BEFORE: BATCHELDER, McKEAGUE, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Jodi Hohman contends that the Treasury Inspector General for Tax Administration violated the Freedom of Information Act (FOIA) when it withheld several requested documents under an exception for law enforcement and personnel records. Adopting the magistrate judge's report and recommendation without objection, the district court granted summary judgment for the Inspector General. We affirm.

Hohman submitted her FOIA request after she discovered that two low-level IRS employees issued a pair of third-party summonses to Chase Bank for financial records related to her and several companies she owns. These were not ordinary summonses. Typically, the IRS must give the taxpayer notice before issuing a summons to a third-party recordkeeper, such as a bank.

26 U.S.C. § 7609(a). This allows the taxpayer to object. *See United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir. 1994). But the IRS does not always know the taxpayer's identity beforehand, so the statute provides a mechanism for issuing a so-called "John Doe" summons. *See* 26 U.S.C. § 7609(c)(3). To do that, the IRS must first obtain judicial approval. *Id.* § 7609(f). That's where things went wrong here. Neither employee obtained approval before issuing the John Doe summonses for Hohman's records. When she discovered what happened, Hohman filed a complaint with the Inspector General and submitted a FOIA request for the related records.[1]

The FOIA request asked for "copies of all documents and records comprising, or related to Jodi Hohman's *entire* [Inspector General] file." This included records related to Hohman's complaint to the Inspector General. And it also included records related to the Inspector General's internal investigation into the two IRS employees who did not follow the correct procedures. The Inspector General released most of the records from Hohman's complaint file, but redacted a few documents and withheld others. It released no records from the two internal investigation files. As grounds for its redactions and withholdings, the Inspector General cited two FOIA exemptions, one for law-enforcement records and the other for personnel files. *See* 5 U.S.C. § 552(b)(6), (7)(C).

Hohman then sued the Inspector General for violating FOIA. She asked for an injunction compelling the Inspector General to produce the withheld documents. The Inspector General moved for summary judgment, and the court referred the matter to the magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the

---

[1] Hohman also submitted a FOIA request to the IRS. She agreed to dismiss her suit against the IRS after acknowledging it provided all the appropriate documents.

district court grant the Inspector General's motion based on the law-enforcement exception to FOIA.[2]

In its report and recommendation, the magistrate judge reasoned that the public interest in obtaining the records did not outweigh the privacy protection afforded to law-enforcement records. Law-enforcement records, such as those compiled by an Inspector General, are exempt from FOIA if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). When that is the case, the court must determine whether the public interest outweighs the privacy concerns. The requestor can prevail only if she shows that there is "a significant countervailing public benefit" in disclosing the records. *See Rimmer v. Holder*, 700 F.3d 246, 257 (6th Cir. 2012) (internal quotation marks omitted). Here, the magistrate concluded that Hohman's personal interest in the internal investigation of two low-level IRS employees is not the kind of "significant countervailing public benefit" necessary to overcome the invasion of privacy.

The magistrate judge issued the report and recommendation in December 2017. The final page provides notice to the parties that they "may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof." Report & Recommendation, R. 22, PageID 397. The notice also states that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." *Id*. Hohman filed no objections. So three weeks later, the district court adopted the report and recommendation without objection.

---

[2] The magistrate judge also recommended that the Inspector General prepare an index of the withheld documents so that the court could determine whether any documents could be segregated. The Inspector General eventually created the index, and the district court confirmed that the documents were not segregable.

Hohman then filed this appeal, but she faces a substantial hurdle. Parties waive their right to appellate review when they fail to object to the magistrate judge's report and recommendation. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). This is a prudential rule that we can ignore "where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice." *United States v. Real Prop. Located at 1184 Drycreek Road, Granville, Ohio 43023*, 174 F.3d 720, 726 (6th Cir. 1999). But that's a tall order for Hohman, who must show exceptional circumstances to excuse her waiver. *See Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987); *see also United States v. Crain*, 432 F. App'x 503, 507 (6th Cir. 2011). "[W]e generally will not reverse district court decisions based on arguments never presented to them." *Peoples v. Hoover*, 377 F. App'x 461, 463 (6th Cir. 2010).

None of the circumstances ordinarily excusing this kind of waiver exist here. This is not a case, for example, where Hohman did not receive a copy of the magistrate judge's recommendation in time. *See, e.g., Kent*, 821 F.2d at 1223 (excusing waiver where "plaintiff's unrebutted affidavit establishes that he did not actually receive the magistrate's R & R until the eleventh day"). Nor has there been any intervening change in the controlling law, which might make once-frivolous arguments viable. *See, e.g., Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) ("Because we did not clarify the issue until after Souter's objection period had passed, he should not be barred from raising this issue on appeal."). In fact, Hohman gives no explanation for why she sat on her hands before the district court. *See Crain*, 432 F. App'x at 507 (affirming waiver where the appellant "had ample incentive to object if he thought the magistrate judge's ruling erroneous").

Hohman's only argument for excusing her waiver rests on the importance of the issue at stake. Analogizing this to plain-error review, Hohman contends that a failure to correct the district court's error "would seriously affect the fairness, integrity, or public reputation of the judicial

proceedings, as it allows the IRS to believe that it does not have to follow the mandates in the Internal Revenue Code." Reply Br. at 9. To be sure, the allegations in this case are serious. It appears that two low-level IRS employees who were otherwise not authorized to issue John Doe summonses did so and without the prior judicial approval required by statute. And that was after this court had already warned the IRS about this exact behavior. *See, e.g., Ritchie*, 15 F.3d at 597–600; *Cook v. United States*, 104 F.3d 886, 890 (6th Cir. 1997).

We have recognized that some issues are of such "considerable import" that the need for error-correction outweighs our procedural rules. *See Chambers v. Million*, 16 F. App'x 370, 374 (6th Cir. 2001) (citing *Kent*, 821 F.2d at 1223). Nevertheless, this is not one of those cases. Even if Hohman is correct that the district court erroneously balanced the privacy interests under 5 U.S.C. § 552(b)(7)(C), the only result is that she's denied access to the internal investigation files of two IRS employees who admitted they did not follow proper procedures in issuing third-party summonses. No one's constitutional rights are at stake, *see Kent*, 821 F.2d at 1223, and an error here does not subject Hohman to serious, life-altering consequences.[3] *See, e.g., Chambers*, 16 F. App'x at 374 (excusing waiver when the claim could lead to a new trial for a prisoner sentenced to life imprisonment). It's just not the kind of error of considerable import that creates a manifest injustice if left uncorrected. *See Peoples*, 377 F. App'x at 463–64 (holding that even a meritorious constitutional claim does not meet the standard for excusing waiver when the relief would be "nominal at best").

Hohman provides no compelling reasons to ignore her waiver of the issues on appeal. We therefore affirm the district court's decision.

---

[3] In fact, it does not appear that Hohman suffered any prejudice from the underlying statutory violation because the IRS realized its error before anyone was able to review the documents.