NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
 File Name: 19a0167n.06

 Case No. 18-1756

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 FILED
 Apr 01, 2019
 JODI C. HOHMAN, )
 DEBORAH S. HUNT, Clerk
 )
 Plaintiff-Appellant, )
 ) ON APPEAL FROM THE UNITED
 v. ) STATES DISTRICT COURT FOR
 ) THE EASTERN DISTRICT OF
 INTERNAL REVENUE SERVICE; ) MICHIGAN
 TREASURY INSPECTOR GENERAL FOR )
 TAX ADMINISTRATION, ) OPINION
 )
 Defendants-Appellees, )
 )
 DEPARTMENT OF THE TREASURY, )
 )
 Defendant. )

BEFORE: BATCHELDER, McKEAGUE, and NALBANDIAN, Circuit Judges.

 NALBANDIAN, Circuit Judge. Jodi Hohman contends that the Treasury Inspector General

for Tax Administration violated the Freedom of Information Act (FOIA) when it withheld several

requested documents under an exception for law enforcement and personnel records. Adopting the

magistrate judge’s report and recommendation without objection, the district court granted

summary judgment for the Inspector General. We affirm.

 Hohman submitted her FOIA request after she discovered that two low-level IRS

employees issued a pair of third-party summonses to Chase Bank for financial records related to

her and several companies she owns. These were not ordinary summonses. Typically, the IRS must

give the taxpayer notice before issuing a summons to a third-party recordkeeper, such as a bank.
No. 18-1756, Hohman v. Internal Revenue Service, et al.

26 U.S.C. § 7609(a). This allows the taxpayer to object. See United States v. Ritchie, 15 F.3d 592,

597 (6th Cir. 1994). But the IRS does not always know the taxpayer’s identity beforehand, so the

statute provides a mechanism for issuing a so-called “John Doe” summons. See 26 U.S.C.

§ 7609(c)(3). To do that, the IRS must first obtain judicial approval. Id. § 7609(f). That’s where

things went wrong here. Neither employee obtained approval before issuing the John Doe

summonses for Hohman’s records. When she discovered what happened, Hohman filed a

complaint with the Inspector General and submitted a FOIA request for the related records.1

 The FOIA request asked for “copies of all documents and records comprising, or related to

Jodi Hohman’s entire [Inspector General] file.” This included records related to Hohman’s

complaint to the Inspector General. And it also included records related to the Inspector General’s

internal investigation into the two IRS employees who did not follow the correct procedures. The

Inspector General released most of the records from Hohman’s complaint file, but redacted a few

documents and withheld others. It released no records from the two internal investigation files. As

grounds for its redactions and withholdings, the Inspector General cited two FOIA exemptions,

one for law-enforcement records and the other for personnel files. See 5 U.S.C. § 552(b)(6), (7)(C).

 Hohman then sued the Inspector General for violating FOIA. She asked for an injunction

compelling the Inspector General to produce the withheld documents. The Inspector General

moved for summary judgment, and the court referred the matter to the magistrate judge for a report

and recommendation. See 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the

1
 Hohman also submitted a FOIA request to the IRS. She agreed to dismiss her suit against the IRS
after acknowledging it provided all the appropriate documents.

 2
No. 18-1756, Hohman v. Internal Revenue Service, et al.

district court grant the Inspector General’s motion based on the law-enforcement exception to

FOIA.2

 In its report and recommendation, the magistrate judge reasoned that the public interest in

obtaining the records did not outweigh the privacy protection afforded to law-enforcement records.

Law-enforcement records, such as those compiled by an Inspector General, are exempt from FOIA

if disclosure “could reasonably be expected to constitute an unwarranted invasion of personal

privacy.” 5 U.S.C. § 552(b)(7)(C). When that is the case, the court must determine whether the

public interest outweighs the privacy concerns. The requestor can prevail only if she shows that

there is “a significant countervailing public benefit” in disclosing the records. See Rimmer v.

Holder, 700 F.3d 246, 257 (6th Cir. 2012) (internal quotation marks omitted). Here, the magistrate

concluded that Hohman’s personal interest in the internal investigation of two low-level IRS

employees is not the kind of “significant countervailing public benefit” necessary to overcome the

invasion of privacy.

 The magistrate judge issued the report and recommendation in December 2017. The final

page provides notice to the parties that they “may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof.”

Report & Recommendation, R. 22, PageID 397. The notice also states that “[f]ailure to file specific

objections constitutes a waiver of any further right of appeal.” Id. Hohman filed no objections. So

three weeks later, the district court adopted the report and recommendation without objection.

2
 The magistrate judge also recommended that the Inspector General prepare an index of the
withheld documents so that the court could determine whether any documents could be segregated.
The Inspector General eventually created the index, and the district court confirmed that the
documents were not segregable.

 3
No. 18-1756, Hohman v. Internal Revenue Service, et al.

 Hohman then filed this appeal, but she faces a substantial hurdle. Parties waive their right

to appellate review when they fail to object to the magistrate judge’s report and recommendation.

See United States v. Walters, 638 F.2d 947, 949–50 (6th Cir. 1981). This is a prudential rule that

we can ignore “where the district court’s error is so egregious that failure to permit appellate review

would work a miscarriage of justice.” United States v. Real Prop. Located at 1184 Drycreek Road,

Granville, Ohio 43023, 174 F.3d 720, 726 (6th Cir. 1999). But that’s a tall order for Hohman, who

must show exceptional circumstances to excuse her waiver. See Kent v. Johnson, 821 F.2d 1220,

1223 (6th Cir. 1987); see also United States v. Crain, 432 F. App’x 503, 507 (6th Cir. 2011). “[W]e

generally will not reverse district court decisions based on arguments never presented to them.”

Peoples v. Hoover, 377 F. App’x 461, 463 (6th Cir. 2010).

 None of the circumstances ordinarily excusing this kind of waiver exist here. This is not a

case, for example, where Hohman did not receive a copy of the magistrate judge’s recommendation

in time. See, e.g., Kent, 821 F.2d at 1223 (excusing waiver where “plaintiff’s unrebutted affidavit

establishes that he did not actually receive the magistrate’s R & R until the eleventh day”). Nor

has there been any intervening change in the controlling law, which might make once-frivolous

arguments viable. See, e.g., Souter v. Jones, 395 F.3d 577, 586 (6th Cir. 2005) (“Because we did

not clarify the issue until after Souter’s objection period had passed, he should not be barred from

raising this issue on appeal.”). In fact, Hohman gives no explanation for why she sat on her hands

before the district court. See Crain, 432 F. App’x at 507 (affirming waiver where the appellant

“had ample incentive to object if he thought the magistrate judge’s ruling erroneous”).

 Hohman’s only argument for excusing her waiver rests on the importance of the issue at

stake. Analogizing this to plain-error review, Hohman contends that a failure to correct the district

court’s error “would seriously affect the fairness, integrity, or public reputation of the judicial

 4
No. 18-1756, Hohman v. Internal Revenue Service, et al.

proceedings, as it allows the IRS to believe that it does not have to follow the mandates in the

Internal Revenue Code.” Reply Br. at 9. To be sure, the allegations in this case are serious. It

appears that two low-level IRS employees who were otherwise not authorized to issue John Doe

summonses did so and without the prior judicial approval required by statute. And that was after

this court had already warned the IRS about this exact behavior. See, e.g., Ritchie, 15 F.3d at 597–

600; Cook v. United States, 104 F.3d 886, 890 (6th Cir. 1997).

 We have recognized that some issues are of such “considerable import” that the need for

error-correction outweighs our procedural rules. See Chambers v. Million, 16 F. App’x 370, 374

(6th Cir. 2001) (citing Kent, 821 F.2d at 1223). Nevertheless, this is not one of those cases. Even

if Hohman is correct that the district court erroneously balanced the privacy interests under 5

U.S.C. § 552(b)(7)(C), the only result is that she’s denied access to the internal investigation files

of two IRS employees who admitted they did not follow proper procedures in issuing third-party

summonses. No one’s constitutional rights are at stake, see Kent, 821 F.2d at 1223, and an error

here does not subject Hohman to serious, life-altering consequences.3 See, e.g., Chambers, 16 F.

App’x at 374 (excusing waiver when the claim could lead to a new trial for a prisoner sentenced

to life imprisonment). It’s just not the kind of error of considerable import that creates a manifest

injustice if left uncorrected. See Peoples, 377 F. App’x at 463–64 (holding that even a meritorious

constitutional claim does not meet the standard for excusing waiver when the relief would be

“nominal at best”).

 Hohman provides no compelling reasons to ignore her waiver of the issues on appeal. We

therefore affirm the district court’s decision.

3
 In fact, it does not appear that Hohman suffered any prejudice from the underlying statutory
violation because the IRS realized its error before anyone was able to review the documents.

 5